LAURA N. LIBBY v. J. T. RALSTON.

No. 44.

1. RECORD ON APPEAL — *Certificate of Judge — Conclusiveness.*
   The statement in a record prepared for review in this court, when
   accompanied by the certificate of the judge that the record con-
   tains all of the evidence introduced on the trial of said cause, and
   all of the proceedings of every nature and character done or had
   in the said cause, must be *held* to be conclusive in this court,
   when a controversy arises between the parties to the cause upon
   that question.

2. ESTOPPEL — *Recitals in Deed.* The recital of a material and
   particular fact in a deed binds the parties to such instrument,
   and they are estopped from denying the truth of said recital.

MEMORANDUM.—Error from Rice district court;
ANSEL R. CLARK, judge. Action to foreclose a mort-
gage, brought by Laura N. Libby against J. T. Rals-
ton and others. Judgment for defendant Ralston.
Plaintiff brings the case here. Reversed. The opin-
ion, filed January 17, 1896, states the material facts.

*C. F. Foley,* and *J. W. Brinckerhoff,* for plaintiff in
error.

*Samuel Jones,* for defendant in error.

The opinion of the court was delivered by

COLE, J.: This was an action commenced in the
district court of Rice county by the plaintiff in error
to foreclose a mortgage upon certain property in said
county. The only defendant that answered, claiming
any rights opposed to plaintiff in error, was the defend-
ant in error, J. T. Ralston, who alleged that he was
the absolute owner of the real estate in controversy,
having obtained his title by a certain sheriff's deed,
executed and delivered to him by the sheriff of Rice
county, under an order of court in an action brought

by one L. Judson upon an interest coupon secured by the same mortgage sought to be foreclosed in this action. The defendant further alleged in his answer, that the coupon sued upon by Judson was the first coupon maturing, and, as such, a first lien for the amount thereof upon the premises, and, further, that he was in possession of the premises, and that the same were discharged from any claim or lien of the plaintiff in error. There seems to have been but one question presented to the district court, and there is but one argued in the briefs filed by counsel in this court for decision in this case, and that is as to whether the lien of plaintiff in error under her mortgage is superior to that obtained by the defendant in error at the sheriff's sale in the foreclosure brought by Judson. The trial court held that it was not, and plaintiff in error is here complaining of a judgment declaring the lien of Ralston to be superior to hers.

It is, however, contended by defendant in error that there is no question properly before this court, for the reason, as it is claimed, that it affirmatively appears that the record does not contain all the evidence introduced in the trial court. The record itself contains a statement, as well as a certificate of the trial judge, that it does contain all the evidence introduced at the trial. But it is contended by counsel for defendant in error that the decree entered in the case brought by Judson, under which the deed to Ralston was issued, was introduced in evidence, and that the record so shows, but that said decree is not contained in the record. There is a statement in the record that a certain paper marked "Exhibit A" was offered in evidence, but the record does not disclose whether it was received and read. There is also a statement showing that the decree referred to was handed to one of the

witnesses being examined, and his attention directed to its contents, the paper being referred to as "Exhibit A." The record contains an exhibit A, which is the sheriff's deed to Ralston under the Judson foreclosure. With the record in this condition, it is impossible for us to say whether the exhibit A which was offered in evidence was the sheriff's deed which is properly made part of the case-made, or whether it was the paper exhibited to the witnesses marked "Exhibit A." We must, however, presume, under the statement that the record contains all the evidence, and the certificate of the trial judge to the same effect, that the proper exhibit A was included in the case-made, and that the question raised by plaintiff in error is therefore properly before us for decision.

We are of the opinion that the district court erred in its decision. The plaintiff in error in this case claims under the mortgage given by Bell and wife to the Western Farm and Mortgage Trust Company, and by it assigned to her. The defendant in error, Ralston, claims under the sale made in the foreclosure brought by Judson upon the first interest coupon of the same bond which is sued upon by plaintiff in error, and the sheriff's deed executed upon the confirmation of such sale. The rights of Ralston must therefore be the same as, and cannot be superior to, those obtained by Judson, who was the plaintiff in the foreclosure action upon the interest coupon. This is evident from the fact that, in his answer, Ralston alleged that he obtained his title in the manner above referred to, and pleads the same and that title alone. What were the rights of Judson? By reference to the petition filed in the Judson foreclosure, it appears that the holder of the principal mortgage bond here sued

upon was not made a party, but Judson, in his petition in that case asks

"that said lands and tenements may be sold according to law, without appraisement,    .    .    .    subject, however, to any interest therein, lien thereon, or claim thereto by the holder of the promissory note, to wit, the real-estate coupon mortgage bond first herein described, together with interest notes, to wit, the coupons attached thereto and not included in plaintiff's claim herein.    .    .    ."

The bond first described in said petition is the one in suit in this action. Judson was entitled to no stronger decree than that prayed for in the petition, and the petition plainly admits that the claim of Judson was to be subject to any lien or claim of the holder of the bond and mortgage here in suit.

Again, the evidence discloses that at the sale under the Judson foreclosure Ralston was personally present, and was informed that the premises were being sold subject to a mortgage of $2,000. Counsel for defendant in error contends that the words "subject to" do not mean subject to a prior lien. We think, when a person purchases a piece of real estate subject to a mortgage, that he well understands that the rights of the holder of the mortgage are paramount to those obtained by him.

Again, is Ralston in a position to question the priority of the lien of the mortgage of the plaintiff in error? We are of the opinion that he is not, not only for the reason that he obtained only the rights of Judson, who admitted the priority of plaintiff in error's mortgage, but also because, in this case, he bases his defense and his title upon the sheriff's deed issued in the Judson foreclosure, which deed recites that the title thereby conveyed was subject to the lien of the mortgage of plaintiff in error. Ralston is certainly

estopped from denying the validity and priority of plaintiff's lien, which is admitted in the very deed under which he claims title in this action. (*Scott v. Douglass*, 7 Ohio, 228; *Kaine v. Denniston*, 22 Pa. St. 202; *Freeman v. Auld*, 44 N. Y. 55; *Clapp v. Halliday*, 48 Ark. 258, 2 S. W. Rep. 853.)

It is further contended by counsel for defendant in error, that Ralston is entitled to a prior lien for the reason that he paid the taxes which were due and unpaid at the time of the Judson foreclosure. Our view of the matter is that Ralston purchased simply the equity of redemption at the sale under the Judson mortgage. The taxes due and unpaid at that time were not paid by Ralson, but were paid by the sheriff, under the direction of the court, out of the proceeds of said sale, and he thereby extinguished the tax lien existing upon the premises. There are no special equities in this case in favor of defendant in error. He had actual knowledge of the condition of the title which he purchased and accepted a deed for, which admitted the priority of the lien of plaintiff in error.

The judgment of the district court will be reversed, and this cause remanded, with instructions to render judgment according to the views expressed in this opinion.

All the Judges concurring.