No. 38,534

The Dillon Investment Company, Inc., *Appellee*, v. (Jerry L. Kinikin, et al.) The Garden City Laundry Company, a corporation, *Appellant*.

(241 P. 2d 498)

Opinion filed March 8, 1952.

*Bert J. Vance*, of Garden City, argued the cause, and *Wm. Easton Hutchison, C. E. Vance, A. M. Fleming* and *Clifford R. Hope, Jr.*, all of Garden City, were with him on the briefs for the appellant.

*Roland H. Tate*, of Garden City, argued the cause, and *Roy C. Davis, Frank S. Hodge, Eugene A. White* and *Robert Y. Jones*, all of Hutchinson, and *Logan N. Green* and *Daniel R. Hopkins*, both of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to quiet title against many defendants and from a judgment in favor of plaintiff the defendant, The Garden City Laundry Company, appeals.

In a preliminary way it may be said that the real estate involved lies in the southwest quarter of Block 30, of Stevens Second Addition to the City of Garden City. A plat furnished shows that the above quarter of the block is quadrilateral. The south side, bordering on Laurel Street, is about 116 feet long; the east side, bordering on an alley, is about 148 feet long; the north side is about 138 feet long and the west side, which runs in a northwesterly and southeasterly direction, is about 155 feet long and abuts immediately on the east line of Block 1 of Jones Addition to the City of Garden City.

In its petition, plaintiff alleged it was the owner of all of the southwest quarter of the above Block 30 except a tract 60 feet north and south by 46 feet east and west in the southeast corner, another tract 52 feet north and south by 30 feet east and west in the northeast corner (neither of which excepted portions is presently involved)

and a tract about 52 feet north and south and 18 feet east and west in the northwest quarter. Although many persons were made parties defendant, none of them answered. The Garden City Laundry Company, a corporation, hereafter referred to as the Laundry Company, did answer, alleging its ownership of Lot 9, in Block 1, of Jones Addition, and the tract 52 feet long north and south and 18 feet wide east and west in the northwest corner of the southwest quarter of Block 30 of Stevens Addition, together with all easements for ingress and egress from that real estate, and alleging the details of many of the conveyances later mentioned herein.

At the trial there was no dispute concerning instruments of title. The contention was whether under those instruments, the Laundry Company and its predecessors in title obtained an easement or right of way to pass from the south end of its 18 by 52-foot tract eastwardly to the alley on the east side of the southwest quarter of Block 30 of Stevens Addition.

We do not find it necessary to set out in detail the findings of fact made by the trial court and filed May 8, 1951. Although not specifically so found, it is undisputed that prior to 1920 one W. R. Haskell owned Lot 9, in Block 1, of Jones Addition, and also the southwest quarter of Block 30 of Stevens Addition, and that J. L. Kinikin, later mentioned, was the predecessor in title of the Laundry Company.

Findings 1, 2 and 3 describe the real estate owned by the parties and that if the Laundry Company has any right of way it must come from the provisions of the conveyances noted. The substance of the findings is as follows:

4. In March, 1920, Haskell conveyed Lot 9, Block 1, Jones Addition, to J. L. Kinikin, the deed containing no exceptions. This lot did not abut on any claimed right of way. (It did however abut land in the southwest quarter of Block 30 in Stevens Addition later sold to Kinikin [finding 8].)

5. In December, 1922, Haskell sold Elodie N. Haskell a tract 98 feet north and south by 46 feet east and west in the southeast corner of the southwest quarter of Block 30, the conveyance being subject to a right of way 18 feet wide and 46 feet long across the north side of the tract. The court found that this reservation was made for the purpose of access to adjoining property owned by the grantor and was for his benefit and not for the benefit of the grantee.

6. In May, 1948, Elodie N. Haskell conveyed the last above described tract to plaintiff.

7.  In January, 1929, W. R. Haskell conveyed to J. S. Dillon & Sons Stores Company a tract 98 feet north and south and 46 feet east and west and immediately west of the tract last above described. The deed contained the following:

"Except that there is reserved a right-of-way along the north end of said tract 46 feet long easterly and westerly and 18 feet wide northerly and southerly, the north line of said right-of-way being the north line of the tract herein conveyed and the south line of said right-of-way being a line parallel with and 80 feet northerly from the north line of Laurel Street, and said right-of-way being reserved *for egress to said property and the properties adjoining said property* and said right-of-way is a continuation of the right-of-way of same dimensions heretofore reserved in deed to Elodie N. Haskell, recorded in Book 142, page 612, of the records of the Register of Deeds of Finney County, Kansas, and the grantor hereby *expressly grants to the grantee the right-of-way forever* of the said right-of-way for its entire length beginning at the alley and continuing for the entire length of said right-of-way." (Emphasis supplied.)

The trial court found as a fact that this reservation was made only for the benefit of the grantee and for the purpose of ingress and egress to and from the remaining property of the grantor.

8.  In May, 1929, W. R. Haskell conveyed to J. L. Kinikin the 18 by 52-foot tract in the northwest corner of the southwest quarter of Block 30. The deed contained no reservations or exceptions. The trial court found that no deed to any property in Block 30 to Kinikin granted the use of the strip of land in question as an easement or for any other purpose.

9.  In March, 1934, W. R. Haskell conveyed to the J. S. Dillon & Sons Stores Company the remaining part of the southwest quarter of Block 30 except a small tract in the northeast corner. This deed contained the following:

"Except an easement in favor of J. L. Kinikin for driveway easterly and westerly across the above described land which is reserved as such driveway."

The trial court found that this gave a personal privilege to Kinikin; that Kinikin was dead and the grant died with him; that the language was too indefinite to create a permanent easement in favor of all possible future owners of the land. (Although not specifically found, there is no dispute that Kinikin died in 1935.)

10.  In January, 1944, the J. S. Dillon & Sons Stores Company conveyed by warranty deed to the Dillon Investment Company, Inc., all of the real estate shown to have been conveyed to the grantor as above set forth (and it may be said to be all of the land described as belonging to the plaintiff in its petition) and without repetition here, the deed contained verbatim the exceptions as to an easement

in favor of Kinikin as contained in the deed mentioned in finding 9, and as to a reserved right of way as contained in the deed mentioned in finding 7. The trial court found as a fact that these exceptions were for the benefit of the grantor and grantee and for the benefit of no other persons and were merely descriptive of the right of way intended to be excepted in the deed.

11. The trial court further found that if the use of the 18-foot right of way or easement be denied the defendant Laundry Company, no other means would be available to it for access to the rear of its laundry building from the east, unless it purchased a right of way from adjoining owners. It further found it had access to its building from the front of its building facing west on Eighth Street.

As matters of law the trial court concluded that the exception in the deed of December, 1922, from W. R. Haskell to Elodie N. Haskell was for the sole benefit of the grantor and not for the benefit of defendants; that the provision contained in the deed of March, 1934, from Haskell to the J. S. Dillon & Sons Company conveyed no right whatever to the successors in title of J. L. Kinikin; that there had never been a grant of any character from W. R. Haskell or any of his successors in title to Kinikin or his successors in title for the use of the strip of land in question and that plaintiff was entitled to a judgment quieting its title.

In due time plaintiff filed its motion for judgment in its favor on the findings, and the Laundry Company filed its motion to vacate the findings and for a new trial. Upon hearing, the trial court sustained the plaintiff's motion, denied the motion of the Laundry Company, and rendered judgment in favor of the plaintiff and the Laundry Company perfected its appeal to this court, its specifications of error covering the matters hereafter discussed.

The gist of appellee's argument in support of the trial court's judgment is that the controversy was largely one of fact and that the facts found have support in the evidence; that the easements claimed by appellant are only of personal rights conferred on grantees in the several conveyances, constitute easements in gross (17 Am. Jur. 932); that they are not easements appurtenant to the land in that there is no dominant estate (17 Am. Jur. 933); and being easements in gross and personal to the holder, they could not be assigned or transmitted by inheritance (17 Am. Jur. 1013); that any right that Kinikin, predecessor in title of appellant had, died with him, and that the trial court properly quieted its title to the real estate over which the claimed rights of way or easements ran.

Without repetition we note that the trial court did find as a matter of fact that certain reservations or exceptions were solely for the benefit of the grantor (finding 5) or for the benefit of the grantee (finding 7) or a personal privilege to Kinikin and died with him (finding 9) or for the benefit of the grantor and grantee and for the benefit of no other person (finding 10). It may be doubted that any of the so-called findings are of fact, rather than of law, but if it be assumed they are of fact, they are derived solely from a consideration of the conveyances of which they are a part and are such that we are in as good position as the trial court to determine the fact. If it be assumed that when made, the reservation in finding 5 was personal to W. R. Haskell, he put his own interpretation on it when he made the conveyance noted in finding 7 where he conveyed the reserved right of way and an extended right of way for egress to said property (that being then conveyed) and the properties adjoining, expressly granting to the grantee the right of way forever for its entire length. And further, while Haskell made no reservation or exception when he deeded a portion of the property adjoining to Kinikin (finding 8), by the exception made in the deed mentioned in finding 9 he recognized that Kinikin had a right of way. The trial court's finding that this gave only a personal privilege to Kinikin which died with him is at variance with the construction which the grantee in that deed placed upon it, for in the deed mentioned in finding 10, made some years after Kinikin had died, the reservation or exception was repeated in the deed which was accepted by the grantee, the present plaintiff. And that same deed recognized the existence of the right of way established by the deeds referred to in findings 5 and 7. These various conveyances recognized that the reservations and exceptions as to right of way were not personal to the parties, but were assignable and assigned.

We find it unnecessary to discuss the exact nature of the reservation or exception. The parties to the various instruments have placed their own construction on the reservations and exceptions as to the right of way being available to properties adjoining the property sold (findings 7 and 10) or to Kinikin (findings 9 and 10). Neither are we persuaded that the exception in favor of Kinikin was too indefinite to create a permanent easement. The very facts of this case disclose there was and is no controversy with respect to the location of the right of way.

The all important and controlling reason why plaintiff may not quiet his title and foreclose the rights of Kinikin and his successors

in title is that years after the death of Kinikin, the plaintiff accepted a deed in which validity of the exceptions and reservations as to a right of way were recognized and made part and parcel of it. Under the circumstances the grantee, appellee herein, is estopped to question validity of the exceptions and reservations. For analogous cases following the rule stated see *Brown v. Ulmer*, 110 Kan. 504, 204 Pac. 1007; *Lawrence Nat'l Bank v. Howard*, 125 Kan. 85, 262 Pac. 561; *City Ice Co. v. Quivira Development Co.*, 139 Kan. 33, 30 P. 2d 140; *Libby v. Ralston*, 2 Kan. App. 125, 43 Pac. 294. See also 19 Am. Jur. 619, *et seq.*, and 31 C. J. S. 218.

Appellee cannot now be heard to say that appellant had no right of way. In view of our conclusion, other contentions of the appellant need not be noticed.

The judgment of the trial court is reversed and the cause remanded with instructions to render judgment that appellant Laundry Company has a valid right of way over the involved real estate.