386 P.2d 23

**Bryan GABITZSCH, Appellant,**

**v.**

**Helen Marie COLE, and Norman E. Cole, husband and wife, Appellees.**

**No. 7598.**

Supreme Court of Arizona.

In Division.

Oct. 23, 1963.

Rehearing Denied Nov. 19, 1963.

---

Langmade & Langmade, Phoenix, for appellant.

Ernest W. McFarland, Phoenix, and Tom Fulbright, Florence, for appellees.

BERNSTEIN, Chief Justice.

■ Appellant was defendant in an action brought by his sister to enforce an oral agreement to hold in trust for the sister a one-half interest in certain land. The case was tried to the court without a jury and judgment was rendered for the plaintiff. Defendant appeals. Neither party requested findings of fact. In such a case we have held that we will view the record as though the trial court had found every controverted issue of fact necessary to support the judgment. Silva v. DeMund, 81 Ariz. 47, 299 P.2d 638.

In 1939, the plaintiff, was serving as administratrix for the estate of Nathan Mistler. In pursuance of her duties she sued to cancel a deed made by him to Tom and Della McMillen. The property was recovered and descended to Peter Mistler,

the decedent's brother who was also the residuary legatee. The judgment, however, required that within 30 days the estate would repay to the McMillens $2,638.13, which was decreed to be a lien on the property. The heir, Peter Mistler, offered to sell the property to the plaintiff for the amount of the lien, all costs of administration, and $1,500. The plaintiff was without sufficient funds, so she approached her brother, the defendant, about buying the property and they finally agreed that together they would raise the purchase price. The plaintiff waived her fees of $800 as administratrix and borrowed on two life insurance policies of her husband. She also contributed cash saved from her salary as a teacher. The defendant provided $900 in cash and negotiated two mortgages on the land. The first, for $1000, made it possible to pay the attorneys' fees in connection with the estate; the second, for $1500, was given to Peter Mistler to secure the balance of the purchase price. Legal title was taken by deed from Mistler in 1940 in the name of the defendant.

Plaintiff contends that not only did she contribute half of the cash used to purchase this property, but that the mortgages were paid off through the joint efforts of the defendant and herself who, in accordance with their oral agreement, worked hard to improve the property so that some cabins situated on it could be rented.

She and the defendant moved onto the property and immediately set about making the cabins habitable. The defendant, a carpenter, made repairs and rebuilt some of the cabins. The plaintiff cleaned the cabins and acted as manager, renting and collecting rentals, all of which were deposited to her brother's bank account. The rentals, plus all of the earnings of the plaintiff's husband[1] went for improvements, for subsistence, and for payments on the two mortgages on the property. This arrangement continued for six years, during which time the plaintiff and her brother were able to pay off the indebtedness on the land and to accumulate an additional sum of approximately $4000 in the defendant's account. In 1947 the plaintiff left to return to her husband, leaving the management of the property to the defendant. From that time until 1959 the relationship between the plaintiff and her brother appears to have been amicable. In 1952 she paid the delinquent taxes on the property out of her own money; otherwise, such payments were made from the money received as rent. The defendant consulted with the plaintiff frequently about the place and on several occasions acknowledged her interest in it in the presence of others. During the summers she spent her weekends there.

In 1959 the defendant received an offer to buy the property. He contacted the plaintiff and they agreed that $30,000 was a fair price and that the terms of payment were acceptable. When the papers were drawn the defendant asked the plaintiff to read and approve them before he signed, which she did. After the signing the defendant gave her the papers and asked her to put them in her safety deposit box. The following day she approached him about her share. The defendant offered to give her $5000 in full settlement; she demanded one-half of the purchase price in accordance with their oral agreement which she is seeking to enforce here.

As a basis for this suit, the plaintiff alleged in the alternative three trust theories: an express trust theory, a purchase-money resulting trust theory, and a constructive trust theory. In a case tried to the court in which no request for findings of fact and conclusions of law is made, the judgment will be upheld, if possible, on any theory within the issues and supported by the evidence. Julian v. Carpenter, 65 Ariz. 157, 176 P.2d 693.

In his assignments of error, defendant first questions the jurisdiction of the superior court on the grounds of res judicata. Defendant maintains that this action is a collateral attack on the 1941 Decree of Distribution in the Nathan Mistler Estate. That decree incorporated the

---

1. Plaintiff and her husband were divorced in 1942 but he continued to send his salary, less his own living expenses, to her. They were subsequently remarried.

deed of the deceased's heir, Peter Mistler, to defendant, and was approved by plaintiff as administratrix. Defendant argues that the decree, having merged with the final judgment of the probate court, is res judicata in this action. This action, however, is not an attack on the decree or on the deed vesting legal title in the defendant. Plaintiff merely seeks to show that defendant held a one-half undivided interest in trust for her under the deed from Mistler to her brother.

Defendant argues that plaintiff, having signed the final order in the Mistler probate proceedings which recited the conveyance of this property to the defendant, cannot now assert an interest in the property because to do so would be inconsistent with her position in the probate proceedings. However, plaintiff does not dispute the validity of the deed or the probate proceedings in her present action. The conveyance of the legal title did not foreclose the possibility of the existence of plaintiff's equitable interest in the property, resting on their parol agreement.

 Next, defendant claims that plaintiff comes to court with unclean hands. He argues that an administrator may not convey to himself property belonging to the estate, citing A.R.S. § 14–604, "[a]n executor or administrator shall not, directly or indirectly, purchase any property of the estate he represents, nor be interested in the sale of such property." He maintains that the plaintiff violated this statute if in fact she had a half interest in the land taken in defendant's name. He argues that a judgment in plaintiff's favor sanctions her breach of fiduciary duty. We find no breach. The deed was not made by the plaintiff, but by the decedent's heir. In 1st Nat'l Bank v. Connolly, 172 Or. 434, 138 P.2d 613, 143 P.2d 243, where the administrator and his wife purchased the entire interest of the sole heir, the court said:

"* * * the statute, as this court has held, is only intended to inhibit the purchase of the property of the estate by an administrator at his own sale, and does not apply to a purchase of the interest of an heir or legatee." 172 Or. at 476, 138 P.2d at 630.

Thus, if it was proper for the plaintiff to have purchased this land from the heir in her own name, we see no objection to her taking an interest in it in the name of her brother.

 Defendant also raises laches, claiming that plaintiff delayed her action for 20 years until the property had increased in value. In the case of a voluntary trust the action of a beneficiary does not accrue until his interest is repudiated. Mulli v. Mulli, 105 Cal.App.2d 68, 232 P.2d 556. Plaintiff had no reason to suspect that defendant did not intend to honor their agreement until after the contract of sale was

signed in 1959. She brought this suit immediately.

 Finally, defendant claims that the Statute of Frauds requires plaintiff's interest to be evidenced by some writing. A.R.S. § 33–401. While it is true that a conveyance of land is voidable unless in writing, part performance can remove the prohibitions of the statute in a proper case. Stewart v. Damron, 63 Ariz. 158, 160 P.2d 321. In view of our decision we do not find it necessary to determine whether performance here was sufficient to take the transfer out of the statute. Bearing in mind that we take that view of the evidence most favorable to the judgment, Stewart v. Schnepf, 62 Ariz. 440, 158 P.2d 529, the conclusion is inescapable that a purchase money resulting trust has arisen in favor of the plaintiff. A trust created by operation of law is not within the Statute of Frauds. Collins v. Collins, 46 Ariz. 485, 52 P.2d 1169.

The Restatement of Trusts 2d § 440 (1959) defines a resulting trust as follows:

> "Where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid, * * *."

Plaintiff contributed her share of the purchase price and took possession of the property with her brother. She worked on the place to make it a profitable business and to get both mortgages paid off. She paid delinquent taxes in 1952. The testimony of the plaintiff's witnesses further substantiates her theory and her allegation of an oral agreement as to the true ownership of the property.

The judgment is affirmed.

UDALL, V. C. J., and STRUCKMEYER, J., concur.