500 P.2d 898

Rudolph M. WALKER, Appellant and
Cross-Appellee,

v.

Bill F. WALKER, as Administrator of the
Estate of Eunice L. Anderson, et al.,
Appellees and Cross-Appellants.

No. 1 CA–CIV 1680.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 12, 1972.

Arthur W. Vance, Silver Spring, Md.,
for appellant and cross-appellee.

Westover, Keddie & Choules, by Douglas
W. Keddie, Yuma, for appellees and
cross-appellants.

JACOBSON, Judge.

This appeal deals with an attempt by a
son to hold the estates of his deceased
mother and stepfather liable for a conver-
sion by the mother of the son's guardian-
ship funds occurring some 20 years ago.

In 1941, the appellant, Rudolph M.
Walker, then a minor, was injured in an
automobile accident. As a result of that
accident, appellant's personal injury claim
was settled for $5,175 and appellant's
mother, Eunice L. Anderson, was appoint-
ed guardian of appellant's estate which
consisted entirely of the personal injury
settlement. During the period from 1941
to 1946, when the guardianship estate was
settled, Mrs. Anderson converted $2,161.94
from the estate to her own use. Of this
sum, $524.94 was used to purchase a 60%
interest in an unimproved parcel of realty
located in Yuma, Arizona.

In 1966, and shortly before her death,
Mrs. Anderson turned over to the appellant
all the checks drawn on the guardianship
account. These checks, on their face, re-
vealed the conversion now complained of.
Also shortly before her death, Mrs. Ander-
son transferred the Yuma property as a
gift to her other son, appellee Bill F.
Walker.

On February 9, 1966, Mrs. Anderson died and appellant's stepfather, Willard J. Anderson, Sr., was appointed executor of her estate. Notice to creditors was first published in Mrs. Anderson's estate on May 15, 1966.

On July 20, 1966, appellant's stepfather also died and appellee Bill F. Walker was substituted as administrator of Mrs. Anderson's estate and was appointed administrator of Mr. Anderson's estate. Notice to creditors was first published in Mr. Anderson's estate on October 12, 1966. Appellant filed no creditor's claim in either estate.

On September 27, 1968, appellant filed a complaint against appellee Bill F. Walker in his capacity as personal representative of both decedents and also individually. A claim was also asserted against the heirs legatees and lienholders of the two estates seeking return of the $2,175.94 converted by his mother from his guardianship estate.

The appellees raised as defenses to this action the failure of the appellant to file creditor's claims in either of the estates he now seeks to hold liable and the statute of limitations. The trial court found as a fact, that appellant prior to February 1, 1966, had no knowledge of the conversion of his guardianship funds by his mother. However, the trial court further found that on February 1, 1966, the appellant knew or by the exercise of reasonable diligence could have known that appellant's mother was guilty of defalcation and the amount thereof.

The trial court further determined that except for the sum of $524.94 used to purchase the 60% interest in the Yuma real estate, the converted funds were incapable of being traced.

█ The appellant has failed to file a transcript of evidence with this court and we therefore must presume that the find-

ings by the trial court were supported by the evidence at trial. Bryant v. Thunderbird Academy, 103 Ariz. 247, 439 P.2d 818 (1968).

The trial court granted judgment in favor of appellant for the sum of $524.94 and allowed appellant the option of receiving 60% of the present value of the real property without improvements (the property having been improved subsequent to purchase with non-guardianship funds) or $524.94 with simple interest at 6% per annum from March 28, 1941. The appellant failed to exercise this option and judgment was subsequently entered in appellant's favor for $524.94 with simple interest at 6% per annum from March 28, 1941, until paid.[1]

On appeal, appellant contends the trial court improperly denied him judgment for the full amount of the conversion in the sum of $2,175.94. He further contends that if the judgment for $524.94 was correct he was entitled to a judgment equal to 60% of the present value of the property including improvements (estimated at approximately $10,000) rather than the option of a money judgment with simple interest or 60% of the value of the real property excluding improvements.

█ In our opinion, the defense of the statute of limitations raised by the appellee is dispositive of this appeal. As previously indicated, the trial court found as a fact that appellant knew or by the exercise of reasonable diligence should have known on February 1, 1966, that his mother had converted his guardianship funds. As also previously indicated, in the absence of a transcript of the evidence, we must presume this finding is supportable by the evidence. The fact that appellant knew or by the exercise of reasonable diligence should have known of the fiduciary conversion by his mother of his guardianship funds is sufficient to start the running of the stat-

1. Appellees initially filed a cross appeal contending that the judgment in favor of appellant granting any relief was im-proper. The cross appeal was subsequently abandoned.

ute of limitations. Marsh v. Hawkins, 7 Ariz.App. 226, 437 P.2d 978 (1968); Taylor v. Betts, 59 Ariz. 172, 124 P.2d 764 (1942); Griffith v. State of Arizona, 41 Ariz. 517, 20 P.2d 289 (1933). As was stated in Jack Waite Min. Co. v. West, 55 Ariz. 301, 305, 101 P.2d 202, 204 (1940):

"We also think the better reasoning is that even though plaintiff may not have notice of the specific repudiation of the trust, yet if he knows facts from which a reasonable man would be put on notice that the trust has been, or is about to be, repudiated, this is equivalent to actual notice of the repudiation."

We therefore hold, that as far as the appellant was concerned, the statute of limitations began to run on his claim for conversion of his guardianship funds on February 1, 1966. A.R.S. § 12–542 states in pertinent part as follows:

". . . there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

\* \* \* \* \* \*

"5. For detaining the personal property of another and for converting such property to one's own use."

■ Appellant did not file his action for conversion until September 27, 1968, more than two years and seven months after that action had accrued. It therefore follows that the action was barred by the statute of limitations and the appellant was entitled to no relief based thereon. However, in the absence of a cross appeal, the judgment of the trial court granting appellant judgment must stand. The relief given to appellant by the trial court, being more than he was entitled to, even though possibly incorrectly given, will not be disturbed on appeal.

Judgment affirmed.

HAIRE, C. J., Division 1, and EUBANK, J., concur.