565 P.2d 908

Herbert CROOK, Liquidator and Receiver for Trans Plains Casualty Company, a Texas corporation, Appellant,

v.

Forrest ANDERSON and Nikki Anne Anderson, Appellees.

No. 1 CA–CIV 3246.

Court of Appeals of Arizona, Division 1, Department B.

May 10, 1977.

Rehearing Denied June 13, 1977.

Review Denied June 28, 1977.

Stockton & Hing by Robert Ong Hing, Nicholas C. Guttilla, Phoenix, for appellant.

Murray Miller, P.C. by Bruce A. Barton, Phoenix, for appellees.

## OPINION

SCHROEDER, Presiding Judge.

This appeal arises from an action instituted by the appellant against appellees and various other defendants. The appellees were directors of a corporation known as Globe Insurance, Inc. An agreement between Globe and Trans Plains Casualty Company provided that Globe was to collect premiums on policies written for Trans Plains and hold the sums in trust for Trans Plains.

This action was instituted by appellant, as liquidator and receiver for Trans Plains, claiming damages against Globe, the appellees Anderson, and other defendants. The complaint asserted that the Andersons were guilty of a "willful and fraudulent conversion" and a "breach of fiduciary duty" in connection with the premiums collected by Globe for Trans Plains, and that the Andersons were liable for actual and punitive damages.

The actual sums involved were alleged to have been owed as of June 4, 1971, the time when appellant became the receiver and entitled to file suit on behalf of Trans Plains. The complaint was filed in Febru-

ary 1975. The Andersons asserted the statute of limitations as a defense, and moved for a dismissal. In the papers filed following that motion, some matters outside the original pleading were submitted, and the trial court ruled that the complaint as against the Andersons was barred by the statute and ordered it dismissed. This appeal followed after a judgment was entered with Rule 54(b) findings. The remainder of the action against the other defendants was carried forth in the trial court.

█ Because matters outside the pleadings were considered by the trial court, the motion below should be considered not as a judgment on the pleadings, but rather in the nature of a summary judgment. 16 A.R.S., Rules of Civil Procedure, Rule 12(c).

The complaint itself was filed in February of 1975, almost four years after the money alleged in the complaint was due. The appellees' position below, with which the trial court apparently agreed, was that since the complaint in essence set forth an action in the nature of conversion, it was barred by the two-year statute of limitations. A.R.S. § 12–542.

█ In opposition to that motion, the appellant before the trial court and in this Court first argued that no statute of limitations whatsoever should apply to the action, because the action involves the equitable concept of breach of trust. In support of this position, appellant relies upon some cases involving actions by receivers for equitable relief against directors of corporations. *Bovay v. H. M. Byllesby & Co.,* 27 Del.Ch. 381, 38 A.2d 808, 174 A.L.R. 1201 (1944); *Ventress v. Wallace,* 111 Miss. 357, 71 So. 636 (1916); *United Light & Power Co. v. Grand Rapids Trust Co.,* 6 Cir., 85 F.2d 331, cert. dismissed, 299 U.S. 618, 57 S.Ct. 312, 81 L.Ed. 456 (1936). We find nothing in those cases suggesting that where, as here, an action for damages arises from a breach of trust, the statute of limitations should not apply. Indeed, our Supreme Court has held that in an action for breach of trust based on conversion, the conversion statute of limitations does apply. *Jack Waite Mining Company v. West,* 55 Ariz. 301, 101 P.2d 202 (1940).

We similarly reject appellant's contention that because the action has some relation to breach of fiduciary duty, it is transformed from a tort action to some other sort of action covered by our catch-all statute of limitations, A.R.S. § 12–550, providing a four-year statute of limitations. *Jack Waite Mining Company v. West, supra.*

We turn finally to the question of when the statute began to run. In considering this question, we are limited to the matters presented in the record before the trial court. Our review of that record reflects that in addition to the pleadings and the memoranda of counsel, there was also filed an affidavit by plaintiff's attorney to the effect that the depositions revealed that the appellees had used Glove money for their own purposes. There were also filed with the court copies of certain financial statements of Globe, on file with the Corporation Commission in 1971, '72 and '73, showing that Globe's financial situation had drastically deteriorated by November of 1972. These exhibits were directed to the merits of the claim. Nothing in the pleadings or those documents suggests that this action could not have been brought in 1971, or that there should be a tolling of the statute on account of fraud or any other reason. Appellants never argued below that the cause of action accrued less than two years prior to the filing of the complaint. Nor does any documentation before the trial court support such a contention.

█ We are aware that the parties in their briefs make reference to other facts and evidentiary matters which apparently became a part of the record in the case against the other defendants, and after the judgment here being appealed became final. These matters cannot be considered in this appeal since this Court can consider only those papers that were before the trial court. On appeal, from a summary judgment, "the parties cannot add exhibits, depositions, or affidavits to support their position nor can they advance new theories or raise new issues in order to secure a rever-

sal of the lower court's determination." 10 Wright & Miller, *Federal Practice & Procedure* § 2716 at 435–36. *See Cimino v. Alway,* 18 Ariz.App. 271, 272–73, 501 P.2d 447, 448–49 (1972). Accordingly, we conclude that the trial court, on the basis of the matters presented to it, properly concluded that the action against these defendants was barred, and the judgment is affirmed.

WREN, J., concurs.

EUBANK, Judge, dissenting.

I must dissent from the majority because the dismissal occurred too early in the pleading stage for the trial court to determine the issue raised.

The issue raised is whether the trial court properly granted appellees' motion to dismiss appellant's complaint on the basis of appellees' defense of statute of limitations. For the reasons stated, it is my opinion that the court erred and the order of dismissal should be reversed.

For the purpose of reviewing the dismissal[1] of a complaint, pursuant to Rule 12(b), Rules of Civil Procedure, 16 A.R.S., all allegations of the complaint must be taken as true, *Sierra Madre Dev., Inc. v. Via Entrada Townehouses Ass'n,* 20 Ariz.App. 550, 514 P.2d 503 (1973), except the prayer, which is not considered at all. *See Citizens' Committee, Recall of Jack Williams v. Marston,* 109 Ariz. 188, 507 P.2d 113 (1973).

Appellant's complaint, taken in the light most favorable to plaintiff, *Savard v. Selby,* 19 Ariz.App. 514, 508 P.2d 773 (1973), shows that on June 7, 1968, the appellant and the appellees, on behalf of Globe Insurance and as its president, entered into an "Agency Agreement" whereby Globe was granted full power as managing agent for Arizona to sell and bind the appellant's line of insurance. All premiums received by Globe from sales of insurance were to be held by Globe in a fiduciary capacity as trustee in a separate trust account until delivered to the appellant. On June 4, 1971, the appellant

was placed in permanent receivership in Texas. Thereafter demand was made for the trust funds and when they were not delivered to the receiver, this suit was filed on February 11, 1975. In Count Two, Paragraph V, the appellees are charged in the complaint as follows:

The failure of the above Defendants to retain said premium funds in a trust account and to remit the same to Trans Plains, was a breach of fiduciary duty, and a willful and fraudulent conversion of funds belonging to the said Trans Plains Casualty Company. As a result thereof, punitive damages should be assessed against the Defendants.

On March 19, 1975, appellees answered the complaint admitting the agreement but denying the indebtedness. In addition, they raised several affirmative defenses, among which were the statutes of limitations, A.R.S. §§ 12–542, 12–543. Appellees then filed their motion to dismiss the complaint on May 15, 1975, addressed entirely to the statute of limitations issue: that either the two-year statute relating to conversion (A.R.S. § 12–542) or the three-year statute for fraud (A.R.S. § 12–543) applied, which in either case barred the action. In opposition appellant contended that since an express trust was involved no statute of limitations applied, but if the court found as a matter of law that one statute was applicable, A.R.S. § 12–550, the four-year statute, would be the statute for a breach of the trust and a breach of appellees' fiduciary duties. No mention was made by either side to the applicability of A.R.S. § 14–7307.

Statute of Limitations may be raised by a motion to dismiss under Rule 12(b), Rules of Civil Procedure, 16 A.R.S., and granted where it appears *conclusively* from the face of the complaint that the claim is barred. *Ross v. Ross,* 96 Ariz. 249, 393 P.2d 933 (1964); *Engle Brothers, Inc. v. Superior Court,* 23 Ariz.App. 406, 533 P.2d 714 (1975); 2A Moore's Federal Practice, ¶ 12.10, p. 2313.

---

1. I treat this matter as a dismissal because the trial judge treated it as a dismissal. The majority treats it as a summary judgment. The rules

for review are essentially the same in either case.

In the case at bar, an express trust relationship is alleged to exist between the parties. The question of fact not alleged in the complaint or other pleadings is: when would the applicable statute of limitations, if any, begin to run? This fact is not "conclusively" alleged in the complaint nor raised by affidavit in the motion to dismiss. The June 4, 1971 date alleged in the complaint actually relates to the receivership creation date and does not relate to a breach of trust date. This is important because in a voluntary trust the cause of action does not arise until the trustee repudiates the trust, *Gabitzch v. Cole*, 95 Ariz. 15, 386 P.2d 23 (1963); in an express trust the cause of action accrues when the beneficiary has notice of the repudiation by the trustee or where a reasonable person under the circumstances would have been put on notice. *Jack Waite Mining Co. v. Charles C. West*, 55 Ariz. 301, 101 P.2d 202 (1940); in the conversion of a guardianship fund, the statute would run from the time the beneficiary "knew or by the exercise of reasonable diligence should have known of the fiduciary conversion," *Walker v. Walker*, 18 Ariz.App. 113, 500 P.2d 898 (1972); or where there is fraudulent concealment by one occupying a position of trust, the statute of limitations is tolled until the other party discovers the concealment or is put on reasonable notice of the breach of trust, *Taylor v. Betts*, 59 Ariz. 172, 124 P.2d 764 (1942); or an action must be filed by a beneficiary within six months after a beneficiary has received a final account fully disclosing the matter and showing termination of the Trust—A.R.S. § 14–7303. The complaint does not contain a notice allegation, and consequently it is impossible to tell when A.R.S. §§ 12–542, 12–543, or 14–7307, if applicable, would begin to run against the appellant.

This issue is a question of fact which must be proved by appellee as an affirmative defense. Where issues of fact exist it is error to grant a motion to dismiss. *Allison v. State*, 101 Ariz. 418, 420 P.2d 289 (1966); 2A Moore's Federal Practice, supra.

Taking all the allegations of the complaint as true for the purpose of determining whether the complaint was properly dismissed, it is my opinion that the dismissal was premature since the exact legal relationship existing between the parties upon which one of the statutes of limitations operated was not established and remains a fact and law question.