NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARRY M. ATKINS, | No.   17-15125 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02706-NVW |
| v. | |
| CALYPSO SYSTEMS, INC., a California corporation; EDEN KIM, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Barry M. Atkins appeals pro se from the district court's summary judgment

in his diversity action alleging state law claims in connection with a dispute over a

debt-to-stock conversion.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo, *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Atkins' contract claims because they are barred by the applicable statute of limitations under California law. *See* Cal. Civ. Proc. Code § 337(1) (four-year statute of limitations for any action upon a contract); *Krieger v. Nick Alexander Imports, Inc.*, 285 Cal. Rptr. 717 (Ct. App. 1991) (section 337(1) applies to claims of breach of covenant of good faith and fair dealing). The district court properly concluded that Atkins was not entitled to equitable estoppel. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a party cannot create an dispute of fact with an affidavit contradicting his prior deposition testimony); *Vu v. Prudential Prop. & Cas. Ins. Co.*, 33 P.3d 487 (Cal. 2001) (equitable estoppel under California law requires reliance be reasonable).

The district court properly granted summary judgment on Atkins' tort claims because they are barred by the applicable statutes of limitations under Arizona law. *See Hullett v. Cousin*, 63 P.3d 1029, 1034 (Ariz. 2003) (two-year statute of limitations for negligent misrepresentation); *Walker v. Walker*, 500 P.2d 898, 899-900 (Ariz. Ct. App. 1972) (two-year statute of limitations for conversion); *San*

17-15125

*Manuel Copper Corp. v. Redmond*, 445 P.2d 162, 166 (Ariz. Ct. App. 1968) (four-year statute of limitations for unjust enrichment).

The district court did not abuse its discretion by awarding attorney's fees pursuant to its inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 50 (1991) (stating standard of review and explaining that a court may assess attorney's fees when a fraud has been practiced upon it).

Appellees' request for attorney's fees on appeal, set forth in their answering brief, is denied without prejudice to filing a motion in accordance with the Federal Rules of Appellate Procedure and Ninth Circuit Rule 39-1.6.

**AFFIRMED.**