NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DAVID W. NIELSON, *Plaintiff/Counter-Defendant/Appellant*,

*v.*

MERLE ROGER STARR, et al., *Defendants/Counter-Claimants/Appellees*.

No. 1 CA-CV 17-0145
FILED 6-12-2018

---

Appeal from the Superior Court in Maricopa County
No. CV2014-070001
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

---

APPEARANCES

David W. Nielson, Peoria
*Plaintiff/Counter-Defendant/Appellant*

Jackson White, PC, Mesa
By Roger R. Foote
*Counsel for Defendants/Counter-Claimants/Appellees*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1            David Nielson ("Son") appeals from a quiet title judgment in favor of Merle Roger Starr ("Personal Representative"), as personal representative of the estate of Evelyn Nielson ("the Estate").  We affirm.

## FACTS AND PROCEDURAL BACKGROUND [1]

¶2            In 1994, Lawrence Nielson ("Father") and Evelyn Nielson ("Mother") (collectively, "Parents") purchased a house in Peoria (the "Property") for $94,000.  Parents obtained a Veteran's Administration loan to fund the purchase as evidenced by a promissory note and secured by a deed of trust on the Property.  Son and his family have lived in the house since then.  Parents never lived there.  Father died in 2005, leaving Mother with sole title.  For several years thereafter, Son tried to convince Mother to transfer legal title to him, but she refused.  Mother died intestate in 2014.  Son concedes that Parents never conveyed the Property to him in a will or trust document.

¶3            In 2014, Son sued the Estate to quiet title to the Property based on an alleged oral contract between him and Parents.  Son claimed that Parents promised to transfer title to him if he made the down payment and monthly mortgage payments.  The Estate answered and counterclaimed to quiet title in its favor, arguing that Son never fulfilled the bargain.

¶4            The superior court conducted a three-day bench trial and ruled in the Estate's favor:

> Based on the evidence presented, including the Court's assessment of the credibility of the witnesses, and the arguments of counsel, the Court makes the following findings and orders.

> . . .

---

[1]     Son's opening brief does not include "appropriate references to the record" under ARCAP 13(a)(5).  As such, we disregard his statement of facts and rely on our review of the record. *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998).

Defendant Merle Roger Starr proved by a preponderance of
the evidence that the rightful title holder of the [Property] is
the Estate of Evelyn Lorrayne Nielson.

The court awarded attorney's fees and costs to the Estate under A.R.S. § 12-1103(B). Son timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[2]

## DISCUSSION

### A. General Principles.

¶5 On appeal from a bench trial, we review the court's legal conclusions *de novo* and defer to its findings of fact unless clearly erroneous. *Town of Marana v. Pima County*, 230 Ariz. 142, 152, ¶ 46 (App. 2012). We consider the evidence in the light most favorable to upholding the court's ruling. *Id.* We affirm the court's judgment if correct for any reason. *FL Receivables Tr. 2002-A v. Ariz. Mills, L.L.C.*, 230 Ariz. 160, 166, ¶ 24 (App. 2012). Because neither party requested findings of fact and conclusions of law, we "must presume that the trial court found every fact necessary to support the judgment [and] [t]he judgment must be sustained if any reasonable construction of the evidence justifies it." *Berryhill v. Moore*, 180 Ariz. 77, 82 (App. 1994).

### B. Quiet Title.

¶6 A quiet title action seeks a judicial determination of adverse claims in order to clear the title of a disputed property. *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 176, ¶ 13 (App. 2013). A person having or claiming an interest in real property may bring an action to quiet title against any person who claims an adverse interest in the property. A.R.S. § 12-1101(A).[3]

---

[2] The Estate also prevailed in this proceeding on its third-party complaint to quiet title against Son's wife, Maria Nielson. Maria did not appeal.

[3] We question but do not reach whether this lawsuit presents a proper quiet title action. Son brought this action to *secure* title in the Property under an alleged oral contract, but "[a] plaintiff pursuing a quiet title action must allege he *holds* title to the property." *Steinberger v. McVey ex rel. County of Maricopa*, 234 Ariz. 125, 140, ¶ 65 (App. 2014) (emphasis added).

¶7        Son had the burden in the superior court to establish his title. *Allison v. State*, 101 Ariz. 418, 421 (1966).  We conclude the record here contains reasonable evidence to support the court's finding.  The evidence in the record supports an oral agreement between Son and Parents. The court received evidence that Parents agreed to transfer title to Son if he made the down payment and paid all monthly mortgage payments.

¶8        A reasonable construction of the evidence also supports that Son did not fulfill his end of the oral agreement.  The record indicates that Son did not pay the full down payment.  Son claimed he paid approximately $21,000 toward the down payment, but the evidence only supports his payment of $1,000 in earnest money.

¶9        The record also includes reasonable evidence that Son failed to make all monthly mortgage payments.  Although Son claimed he "made most of the payments on the property," including all payments through 2005, the court heard contrary testimony from the Personal Representative and Ron Nielson, Son's half-brother.

¶10        Son testified he made all mortgage payments from 1994 to 1996 through his Father; he wrote monthly checks to Father and Father then paid the mortgage company.  But Son's half-brother testified that Father would be upset "from time to time" because Son had written him bad checks "to pay for the house payment," which bounced, and Father "had to make up the money for the house payment."  After 1996, Son said he made payments directly to the mortgage company.  But here again, the half-brother testified that Son often used funds from Mother's checking account to make monthly mortgage payments between 2007 and late 2013.

¶11        The Personal Representative corroborated that testimony.  He provided evidence that Mother paid $96,397.60 to Son between January 2007 and September 2013, which far exceeded the loan payments for that period.

¶12        Son offers several arguments on appeal.  We are not persuaded.  He first argues that Father and Mother waived or deemed immaterial his "occasional failures to make payments" because they did not "oust" him from the house.  That argument confuses two distinct concepts: Parents' refusal to evict their child and his family from house and home doesn't prove that Parents mutually assented to modify their pre-existing oral agreement with Son.  *See Demasse v. ITT Corp.*, 194 Ariz. 500, 509-10, ¶ 30 (1999) (a contract "must be performed according to its terms and . . . any

modification of those terms must be made by mutual assent and for consideration").

**¶13**      Son also urges an estoppel theory to preclude the Personal Representative from contesting title. Son points to an application submitted on Father's behalf in 2005 to the Arizona Long Term Care System. But the record indicates that Son provided inaccurate information in the application upon which he now relies, including that he made the down payment and all monthly mortgage payments.

**¶14**      And last, Son argues the superior court erred by applying the statute of frauds because Son demonstrated partial performance. *See Owens v. M.E. Schepp Ltd. P'ship*, 218 Ariz. 222, 226, ¶¶ 15-16 (2008) (a written agreement is not required where one party has undertaken acts in reliance on and consistent with the agreement). But the court did not bar Son's action based on the statute of frauds; instead, it ruled that Son was not entitled to quiet title.[4]

### CONCLUSION

**¶15**      For the foregoing reasons, we affirm the superior court's judgment. In our exercise of discretion, we grant the Personal Representative's request for an award of attorney's fees and costs on appeal pursuant to A.R.S. §§ 12-341.01, -341, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4]      Son further argues he holds equitable title to the Property. *See* A.R.S. § 33-721 *et seq.* Son did not raise this argument in the superior court. We thus decline to address it here. *Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109-10, ¶ 17 (App. 2007).