NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PATRICIA MCCALL, *Plaintiff/Appellant,*

*v.*

THOMAS A. ARVIDSON, et al., *Defendants/Appellees.*

No. 1 CA-CV 18-0400
FILED 3-14-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-013496
The Honorable Rosa Mroz, Judge

**REVERSED AND REMANDED**

APPEARANCES

Patricia McCall, Phoenix
*Plaintiff/Appellant*

Perry Childers Hanlon & Hudson, PLC, Phoenix
By Christopher J. Bork, Kathleen M. Langley, Michael R. Perry
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

**M O R S E**, Judge:

¶1             This is an appeal from an order granting summary judgment for the defendants on a negligence claim in a personal injury case.  For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2             Patricia McCall alleged that she was injured in the apartment she leased from Thomas Arvidson and Roberta Crane (collectively "Landlords").  Specifically, McCall alleged there was a plumbing problem in her bathroom which caused her to slip on standing water that leaked from the toilet during the early morning hours.

¶3             McCall sued the Landlords for negligence.  Landlords moved for summary judgment, contending that they could not be liable because they had no notice of the toilet leak.  Landlords argued that a "[l]ack of notice equals lack of duty."  Landlords noted that McCall admitted the toilet/bathroom did not leak the night before the incident, and that she did not remember whether she informed Landlords of bathroom leaks prior to the incident.

¶4             In response, McCall contended that Landlords knew of the dangerous plumbing conditions.  In support of her contention, McCall provided an undated and unsworn witness statement from a previous tenant, Delona Ross, indicating plumbing problems, as well as Landlords' disclosure statement, which states:

> After taking ownership, they discovered that the main plumbing line from the City was backing up into the subject apartment building and as tenants reported, back up in their bathrooms.  Defendants took all reasonable measures to have Roto Rooter and other repair agencies respond to reported problems.

¶5             The superior court determined that Ross's undated and unsworn witness statement was inadmissible and granted Landlords' motion, holding that Landlords did not owe a duty to McCall because there was no admissible evidence of Landlords' actual knowledge or notice of the leaking toilet condition.

¶6             McCall timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

**¶7**  As a preliminary matter, we note that McCall failed to make a single citation to the record in her opening brief in violation of Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a). We could find McCall's arguments waived due to her failure to comply with the appellate rules, but, in our discretion, we will not dismiss the appeal. *Cf. Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137, ¶ 7, n.2 (App. 2011) (waiver for failure to comply with ARCAP 13 is discretionary).

**¶8**  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). We review a grant of summary judgment de novo, and we view the facts in the light most favorable to the non-moving party. *St. George v. Plimpton*, 241 Ariz. 163, 165, ¶ 11 (App. 2016).

**¶9**  To establish negligence, a plaintiff must show (1) a duty requiring the defendant to conform to a certain standard of care, (2) a breach by the defendant of that standard, (3) injury caused by the breach, and (4) actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007). Importantly here, "[t]he issue of duty is not a factual matter; it is a legal matter to be determined *before* the case-specific facts are considered." *Id.* at 145, ¶ 21.

**¶10**  Duty is defined as an "obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Id.* at 143, ¶ 10 (quoting *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 354 (1985)). A duty exists when the parties' relationship is such that the defendant has "an obligation to use some care to avoid or prevent injury to the plaintiff." *Markowitz,* 146 Ariz. at 356. Whether Landlords owe McCall a duty of care is a "threshold issue"—absent a duty of care, there can be no viable claim for negligence. *Gipson,* 214 Ariz. at 143, ¶ 11. McCall has the burden to show a duty exists. *Alcombrack v. Ciccarelli*, 238 Ariz. 538, 540, ¶ 6 (App. 2015) (citation omitted).

**¶11**  The superior court erred in determining that Landlord owed no duty to McCall because Landlord did not have notice. *Gipson* specifically found that the *existence of a duty*, not notice, is the threshold issue in

negligence actions. *Gipson*, 214 Ariz. at 143, ¶ 11, *citing Markowitz*, 146 Ariz. at 354. *Gipson* held that foreseeability, and by extension notice, is not "a factor to be considered by courts when making determinations of duty." *Gipson*, 214 Ariz. at 144, ¶ 15. The Arizona Supreme Court recently observed that "*Gipson* enacted a sea change in Arizona tort law by removing foreseeability from our duty framework." *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 565, ¶ 12 (2018).

**¶12** A landlord owes a duty of reasonable care which requires inspection of premises if there is reason to suspect defects existing at the time the tenant takes possession. *Piccola By & Through Piccola v. Woodall*, 186 Ariz. 307, 310 (App. 1996). The landlord must repair or warn the tenant of such defects. *Id.*, *citing Cummings v. Prater,* 95 Ariz. 20, 26 (1963). Additionally, a landlord owes a tenant a duty of care "throughout the lease period to maintain premises free from 'unreasonably dangerous' instrumentalities that could potentially cause injury." *McLeod By & Through Smith v. Newcomer*, 163 Ariz. 6, 8 (App. 1989), *citing Presson v. Mountain States Props, Inc.*, 18 Ariz. App. 176, 178 (1972). Thus, the Landlords owed McCall a duty.

**¶13** Next, we look to breach and causation. While foreseeability may not be used to determine whether a duty exists to a certain plaintiff, courts "may still use foreseeability in determining whether the injury is foreseeable (breach and causation)." *Quiroz*, 243 Ariz. at 565, ¶ 13. Breach and causation are factual questions. *Gipson*, 214 Ariz. at 144, ¶ 16 ("[F]oreseeability often determines whether a defendant acted reasonably under the circumstances or proximately caused injury to a particular plaintiff. Such factual inquiries are reserved for the jury.").

**¶14** Landlords contend that McCall produced no evidence demonstrating that they had notice of the leaking toilet. McCall provides Ross's witness statement and Landlords' disclosure statement as evidence that Landlords had notice of the plumbing problems. While the superior court was correct in finding Ross's undated and unsworn statement inadmissible,[1] it failed to address Landlords' admission in their disclosure

---

[1] McCall attached a sworn Ross witness statement to her opening brief, as well as other photographic exhibits, which were not included in the record below. We will not consider any exhibit that is not part of the record. *See Crook v. Anderson*, 115 Ariz. 402, 403 (App. 1977) (stating "the parties cannot add exhibits, depositions, or affidavits to support their position" on appeal from summary judgment).

statement.  Disclosure statements can be admitted as admissions of a party-opponent.  *Ryan v. San Francisco Peaks Trucking Co.*, 228 Ariz. 42, 47, ¶¶ 15-16 (App. 2011).

**¶15**        Based on Landlords' admission that they knew "the main plumbing line from the City was backing up into the subject apartment building and as tenants reported, back up in their bathrooms," we hold that McCall presented sufficient evidence to create a genuine dispute of material fact as to whether Landlords breached their duty.  *See Gipson*, 214 Ariz. at 144, ¶ 16.  Therefore, we reverse the entry of summary judgment and remand this matter to the superior court for further proceedings.

## CONCLUSION

**¶16**        For the foregoing reasons, we reverse the grant of summary judgment in favor of Landlords on duty and remand for further proceedings.

