[Civil No. 1708.  Filed February 25, 1920.]

[187 Pac. 578.]

## RICHARD V. DEY, Appellant, v. JAMES QUINN, Appellee.

1. WORK AND LABOR—PRESUMPTION IS THAT SERVICES ARE NOT RENDERED GRATUITOUSLY.—Where one is employed in the service of another for any period of time, the law implies a promise to pay what such services are reasonably worth, unless it is understood that the services were rendered gratuitously, or unless they were rendered under circumstances repelling the presumption.

2. WORK AND LABOR—DEFENDANT HAS BURDEN OF SHOWING THAT ACCEPTED SERVICES WERE NOT GRATUITOUS.—A defendant who claimed that services rendered in his behalf by plaintiff were gratuitous has the burden of proving such fact.

3. WORK AND LABOR—FINDING THAT SERVICES WERE NOT RENDERED GRATUITOUSLY WARRANTED BY EVIDENCE.—In an action on the *quantum meruit* for services rendered, evidence *held* to warrant a finding that the services were not rendered gratuitously.

APPEAL from a judgment of the Superior Court of the County of Graham.  A. G. McAlister, Judge.  Affirmed.

Mr. George J. Stoneman, for Appellant.

Mr. W. R. Chambers, for Appellee.

BAKER, J.—The plaintiff sues for $2,100 upon a *quantum meruit* for the value of services alleged to have been performed for the defendant. The defendant denied the alleged indebtedness, and pleaded that plaintiff had been paid for all services rendered by him for the defendant.

The cause was tried by the court without the intervention of a jury, and upon the introduction of all the testimony the court rendered judgment for the plaintiff in the sum of $1,200, after deducting several payments that had been made to plaintiff. From this judgment the defendant appeals.

Three assignments of error are made. These assignments raise only one question, i. e., the sufficiency of the evidence to support the judgment. The contention is made that the evidence shows conclusively that whatever services were rendered by plaintiff for defendant were done and performed gratuitously, and without any intention or expectation of payment therefor.

It is well settled that when one is employed in the services of another for any period of time, the law implies a promise to pay what such services are reasonably worth, unless it is understood that the services were to be rendered gratuitously, or unless they were rendered under circumstances which repel the presumption. 40 Cyc. 2808, 2809; *Moreland* v. *Davidson,* 71 Pa. 371; *Ploger* v. *Bright,* 119 N. Y. Supp. 628. Many other cases could be cited.

The evidence introduced on behalf of the plaintiff is somewhat meager, and not as full and explicit as might be desired, but, taking this evidence as true, we think that it is susceptible of the fair construction that plaintiff at the request of defendant rendered services for the defendant as his agent in and about the defendant's mining properties in Graham county. The plaintiff testified that the services were reasonably worth the sum of $100 per month, which fact seems to be uncontradicted by any other testimony in the case.

The fact appears that plaintiff acted in such capacity for a period of twenty-one months, and that during this time he frequently advised defendant in reference to the smelter assays and as to the causes of trouble in making such assays, and suggested changes and alterations in the management of the smelter belonging to defendant; that he gave his attention to seeing that parties working the mine did not gouge the ore, and looked after the taxes on the

property, furnished defendant copies of the returns of shipments of ore, and advised him how much it cost to mine the ore, to mill and concentrate it, how much it cost to get it to the smelter, and how much ore was worked daily; that he kept accounts of shipments of ore and concentrates, and advised defendant as to what wages were being paid miners and millmen, the condition of the buildings, and the amount of taxes due, etc. These services were doubtless of value to the defendant, and, unless it can be said that they were rendered gratuitously, it is only just that he be required to pay what they are reasonably worth.

The burden rested upon defendant to show affirmatively that the services were performed gratuitously. 40 Cyc. 2846. It is true that some of the evidence strongly tends to prove that the plaintiff had no expectation of remuneration for the services, but we cannot say that there is no substantial evidence in the record to support the finding of the trial court that plaintiff did expect compensation. The question was one of fact, and, considering the superior advantages of the trial court for obtaining a correct impression of the merits of the controversy, we are not authorized to disturb the final determination of the trial court.

On the question of payment, it appears that defendant was given credit for all payments made to the plaintiff on account of his services.

The judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.