[Civil No. 3618.   Filed November 18, 1935.]

[51 Pac. (2d) 244.]

LEO T. STACK, Appellant, v. W. W. LINESBA, W. J. HENNESSY, M. C. HODGE and EFFIE HODGE, His Wife, and JOHN CHADIMA, Appellees.

Mr. Byron M. Partridge, for Appellant.

Mr. James E. Russell and Mr. Edward S. Lyman, for Appellees.

LOCKWOOD, C. J.—Leo T. Stack, hereinafter called plaintiff, brought suit against W. W. Linesba, W. J. Hennessy, M. C. Hodge, and Effie Hodge, his wife, and John Chadima, hereinafter called defendants, on a promissory note in the sum of $3,492.75, executed by all of the defendants except Effie Hodge in favor of Arizona Power Company, a corporation, and by it sold to plaintiff. The case was tried to a jury, which returned a verdict in favor of defendants, and, from the verdict and the judgment rendered thereon, this appeal has been taken.

There are seven assignments of error, but we think we need consider only the first to the effect that the court erred in denying plaintiff's motion for an instructed verdict. In order that we can consider this intelligently, it is necessary to state briefly the facts of the case as shown by the evidence, construing it as strongly in favor of defendants as they can reasonably be interpreted.

Some time in the year 1931 the National Exploration Company, a corporation, hereinafter called the Company, was operating certain mining claims in Yavapai county. The Company had become indebted to the Arizona Power Company, hereinafter called the Power Company, for electrical energy furnished it in the amount of $3,492.75. The Power Company had filed a materialman's lien against the property, and was threatening the discontinuance of further service to the Company, and, in order to avert this, which would have compelled the closing of the mine, the four defendants, W. W. Linesba, W. J. Hennessy, M. C. Hodge, and John Chadima, executed and delivered to the Power Company their promissory note for the above amount dated September 4, 1931, and payable 60 days after date. The Power Company thereupon released its lien and continued to furnish

power to the Company on open account in an aggregate amount of $940.05.

At some time thereafter the Company was reorganized under the name of the National Gold Corporation, hereinafter called the Gold Company, and this new company was financed to a great extent by one H. G. Wright, who had had no connection with the Exploration Company.

On the 26th day of July, 1933, Linesba went to the office of the Power Company and paid to it the amount of the note in question, together with the open account, by a personal check of Dr. Wright's, requesting that the note in question be assigned to plaintiff herein. The next day after the assignment of the note plaintiff filed this suit. Hennessy, the two Hodges, and Chadima were properly served, but Linesba, although easily accessible, was never served. The case came to trial before the court sitting with a jury. Plaintiff represented himself as counsel for the purpose of trying the case, and Linesba, the defendant, who had not been served, according to the record, sat by plaintiff and apparently assisted him in the prosecution of the case. The pleading of defendant Hennessy set up that the note was in equity due by the Gold Company and that the litigation in question was in effect being carried on at the instance of Linesba, and that the note had been paid by Linesba out of funds furnished by Hennessy and others, so that it was no longer a subsisting obligation. The answer of the other defendants served was that the debt had been paid by the National Gold Corporation with funds provided by the defendants and others.

When the case came to trial, however, it was upon the issue of whether or not the note had been paid by Linesba, one of the comakers, or purchased by Dr. Wright, who, as we have said, was not

interested in the Exploration Company. It is the law that, where a note is paid by one of the comakers thereof, the note is extinguished and the only remedy of the person paying it is a suit for contribution against the other comakers. Section 2421, Rev. Code 1928; 8 C. J. 584. If, therefore, there is sufficient evidence from which a jury could reasonably find that the payment made by Linesba to the Power Company was in reality made with his own funds, it would make no difference whether the note was marked "Canceled," or was at the request of Linesba indorsed to plaintiff. The defense of payment, however, is an affirmative one, and the burden is upon the defendants herein to show such defense by some affirmative evidence. *Simonton* v. *Winter,* 5 Pet. 141, 8 L. Ed. 75; 21 R. C. L. § 131, and cases cited. We have read the transcript of evidence carefully. There is enough to be found therein to justify the jury in refusing to believe anything testified to by plaintiff and Linesba, but there is not one word in the testimony of these witnesses, or indeed of any other witness in the case, from which it would be justified in drawing the inference that the note was in reality paid by Linesba for himself or with his own money. Disregarding the entire evidence of plaintiff and Linesba, there remains in the case the note itself signed by defendants and duly indorsed to plaintiff, and the testimony of L. V. Sears, who. was, at the time the note was indorsed to plaintiff, in charge of it as an official of the Power Company. He stated, in substance, that on the 26th day of July, 1933, W. W. Linesba gave him a check for the amount of the note, plus that of the open account of the Exploration Company, drawn in favor of the Power Company and signed by H. G. Wright, individually, and that he indorsed the note to plaintiff for the purpose of transferring the title to him. There is noth-

ing in the record which would justify the jury, under the rule laid down in *Otero* v. *Soto,* 34 Ariz. 87, 267 Pac. 947, and *Crozier* v. *Noriega,* 27 Ariz. 409, 233 Pac. 1104, in failing to give full credit to the testimony of Sears, a disinterested and unimpeached witness upon that point. A perusal of the entire transcript of evidence, including the remarks of the trial court and the discussion of counsel contained therein, impresses us, as it obviously did the trial judge and jury, that there is something peculiar in the setting of the entire case, but juries cannot decide cases on mere impressions or inferences not justified by the legal evidence admitted before them. Since the alleged payment of the note by Linesba or the Company presented an issue wherein the burden of proving payment affirmatively rested on defendants, and since we can find no evidence in the record of any nature which would justify a legal inference that it was so paid, the trial court erred in refusing to grant an instructed verdict in favor of plaintiff as against the defendants W. J. Hennessy, M. C. Hodge, and John Chadima. There is no evidence, however, which would sustain a verdict against Effie Hodge, since she did not sign the note in question.

The judgment of the trial court is affirmed as to Effie Hodge and is reversed as to W. J. Hennessy, M. C. Hodge, and John Chadima, and remanded, with instructions to grant a new trial in accordance with the views expressed herein.

McALISTER and ROSS, JJ., concur.