593 P.2d 275

**Johnaquille J. HEGEL, Sierra National Corporation, Appellants,**

v.

**O'MALLEY INSURANCE COMPANY, INC., Agents and Brokers, an Arizona Corporation, Appellee.**

No. 13223–PR–2.

Supreme Court of Arizona, In Banc.

Feb. 20, 1979.

Rehearing Denied March 27, 1979.

Lewis & Roca by John P. Frank, Gerald K. Smith, Richard N. Goldsmith, Phoenix, for appellants.

Richard J. Hertzberg, Phoenix, for appellee.

**54**

GORDON, Justice:

Because of a mistake of fact in count I and a change of decision as to count II, this Court has granted the Motions for Rehearing filed by the parties in the instant case. The opinion of this Court in *Hegel v. O'Malley*, filed November 14, 1978, is hereby vacated.

On January 8, 1975, O'Malley Insurance Company, Inc., Agents and Brokers (O'Malley) obtained a judgment of $30,003.60 against Elite Construction, Inc. (Elite) for unpaid surety bonds and workmen's compensation insurance premiums. The execution of judgment, however, was returned unsatisfied.

In an attempt to collect on its debt from Elite, O'Malley filed a new complaint pursuant to A.R.S. § 12–1635 B against Alex and Johnaquille Hegel, Sierra National Corporation (Sierra), Harold Toback and Fidelity and Deposit Company of Maryland (Fidelity). The gravamen of the action was that all of the defendants either had property of Elite or were indebted to Elite and were thereby indebted to O'Malley. The court granted summary judgment in favor of O'Malley against Sierra on Count I, and in favor of Harold Toback and Fidelity against O'Malley on the same count. Summary judgment was granted in favor of O'Malley against Johnaquille Hegel on Count II.

Johnaquille Hegel and Sierra filed an appeal from judgment in the Court of Appeals. O'Malley filed a motion to dismiss on the grounds that the notice of appeal had not been timely filed. The Court of Appeals granted the motion to dismiss. This Court accepted review, vacated the order of the Court of Appeals and reinstated the appeal. *Hegel v. O'Malley Ins. Co., Inc., Agents & Brkrs.*, 117 Ariz. 411, 573 P.2d 485 (1977). Since the matter had come before us on review, in the interest of efficiency we assumed jurisdiction of the appeal pursuant to 17A A.R.S., Rules of Supreme Court, rule 47(e)5.

We reverse the summary judgment against Sierra and remand for trial. We affirm the granting of summary judgment against Johnaquille Hegel.

The claim against Sierra arises from the following set of facts. In 1972 Johnaquille Hegel filed for divorce from her husband Alex Hegel. The latter was subsequently found to be in contempt of court for voluntarily leaving its jurisdiction. Johnaquille Hegel requested that Harold Toback be appointed receiver of the properties and corporations in which her husband had an interest in order to protect the property and her rights therein during the pending divorce litigation and her husband's absence.

On July 2, 1974, Harold Toback was appointed receiver of the corporations owned and controlled and/or directed by Alex Hegel, including Sierra and Elite. During the course of his receivership, equipment valued at between $20,000 and $30,000 was conveyed to a creditor of Elite. A credit for indebtedness was allowed and a balance of $5,596 was paid to Elite. Toback deposited these funds in the account of Sierra. This action was approved by the court when Toback was discharged as receiver.

O'Malley asserts that Elite owed O'Malley $30,003.60 and that the receiver had been notified of this debt. O'Malley also asserts that Elite was not in debt to Sierra. O'Malley claims that the $5,596 should have, therefore, been paid to O'Malley and not Sierra. O'Malley brought this action against Sierra, Johnaquille Hegel, Toback and Fidelity pursuant to A.R.S. § 12–1635, which provides:

"A. If it appears that a person alleged to have property of the judgment debtor or to be indebted to him claims an interest in the property adverse to the judgment debtor or denies the debt, the court may order the judgment creditor to institute an action for recovery of such interest or debt and forbid any disposition of the interest or debt until an action can be commenced and prosecuted to judgment.

"B. The execution creditors may also proceed against defendant therein

and other parties, by original complaint, to obtain satisfaction of their executions after they have been unsatisfied in whole or in part."

Summary judgment was granted against Sierra. Sierra maintains that such a claim cannot stand when it comes into conflict with the court-appointed actions of a receiver. This Court does not agree.

A.R.S. § 12–1635 B provides a remedy for creditors who have been unable to obtain satisfaction of their judgments. O'Malley properly pursued this remedy by bringing a new cause of action against those parties improperly holding property that belonged to its debtor. O'Malley was not a party to the receivership proceeding, nor was it notified of the payment to Sierra. Actions in a prior receivership proceeding to which O'Malley was not a party and of which it had no notice cannot now preclude the use of such a remedy.

We conclude, however, that this matter cannot be decided on summary judgment, because a material fact remains at issue. 16 A.R.S., Arizona Rules of Civil Procedure, rule 56(c). If there is the slightest doubt as to whether a factual issue remains in dispute, such doubt must be resolved in favor of a trial on the merits. *O'Brien v. Scottsdale Discount Corp.*, 14 Ariz.App. 224, 482 P.2d 473 (1971); *Rogers v. Ray*, 10 Ariz.App. 119, 457 P.2d 281 (1969). A motion for summary judgment is granted erroneously if, upon examination of the entire record, a reviewing court finds any disputed issue of fact that could affect final judgment. *Elson Development Co. v. Arizona Sav. & Loan Ass'n.*, 99 Ariz. 217, 407 P.2d 930 (1965).

In its complaint, O'Malley alleges that Sierra is not a creditor of Elite, but a debtor. Sierra in its answer specifically denies this allegation and asserts that Sierra was owed substantial sums by Elite, most of which were never paid. This factual dispute is certainly material, for if Elite were not in debt to Sierra, the receiver's $5,596 payment to Sierra would have been in fraud of Elite's creditors, of whom O'Malley was one.

The factual dispute appears not only in the pleadings, but throughout the record. O'Malley supports its motion for summary judgment on this count with the affidavit of Ed Walker, which states that Elite never owed Sierra. However, from a reading of the same man's deposition it becomes clear that his affidavit is not based on his own personal knowledge, as is required by law. *Madsen v. Fisk*, 5 Ariz.App. 65, 423 P.2d 141 (1967).

Johnaquille Hegel, in her answers to interrogatories, states that she does not know if Elite was in debt to Sierra. In her affidavit in support of her response to the motion for summary judgment, however, she states that it is her belief that Elite was in debt to Sierra. In his answers to interrogatories, Harold Toback asserts that there was a debt owing from Elite to Sierra. He also states, in his petition to close the receivership, that it is his belief that funds were due and owing Sierra from Elite. Sierra supports its response to O'Malley's motion for summary judgment with a letter that seems to evidence that Sierra paid a portion of Elite's payroll. The response suggests that this created a debt from Elite to Sierra. Whether this is the case remains in dispute. Whether other monies were owed by Elite to Sierra is equally unclear. On review of a motion for summary judgment, however, the record must be viewed in the light most favorable to the party who opposes the motion, in this case Sierra. *Hensley v. Peoria*, 14 Ariz. App. 581, 485 P.2d 570 (1971); *Biondo v. General Motors Corp.*, 5 Ariz.App. 286, 425 P.2d 856 (1967).

We find that a material fact remains in dispute and that it was error for the trial court to have decided this issue on summary judgment. Court I is remanded for trial.

The summary judgment against Johnaquille Hegel arises from a related but dissimilar set of facts. In 1973, while the Hegels were still married, Alex Hegel had a cabin built in Pinewood, Arizona. The labor for constructing the cabin was supplied by Elite Construction. The value of this labor was

in excess of $15,000. Johnaquille Hegel received the cabin in the Hegel's divorce settlement. In its complaint, O'Malley asserts that Elite was never paid for the labor on the Hegel cabin and that Johnaquille Hegel was, therefore, unjustly enriched. Because Elite owed O'Malley $30,003.60, the unjust enrichment of Johnaquille Hegel was also at the expense of O'Malley. Summary judgment was granted in favor of O'Malley against Johnaquille Hegel. We affirm.

 In her answer, Johnaquille Hegel denies O'Malley's allegation that Elite was not paid for the labor on the Pinewood cabin. Payment, however, is an affirmative defense, which pursuant to 16 A.R.S., Rules of Civil Procedure, rule 8(d), must be pled.[1] The burden is, therefore, upon the defendant to prove payment with some affirmative evidence. *Stack v. Linesba*, 46 Ariz. 376, 51 P.2d 244 (1935). Failure to plead an affirmative defense results in a waiver of that defense and an exclusion of the issue from the case. *City of Phoenix v. Linsenmeyer*, 86 Ariz. 328, 346 P.2d 140 (1959); *Southern Pacific Co. v. Loden,* 19 Ariz.App. 460, 508 P.2d 347 (1973).

Because Johnaquille Hegel failed to plead as an affirmative defense that Elite had been paid for its construction work, the issue of payment is no longer a disputed question of fact.

The issue before us, then, is whether Sierra's failure to pay Elite for Elite's work on the cabin caused Johnaquille Hegel to be unjustly enriched at the expense of O'Malley.

 In her memorandum opposing the motion for summary judgment, Johnaquille Hegel failed to defend against the claim of unjust enrichment. On appeal she now, for the first time, asserts several defenses and theories as to why the judgment of unjust enrichment cannot stand. The trial judge did not have an opportunity to consider these arguments, because they were not brought to his attention.

"On appeal, from a summary judgment, 'the parties cannot add exhibits, depositions, or affidavits to support their position nor can they advance new theories or raise new issues in order to secure a reversal of the lower court's determination.'" *Crook v. Anderson*, 115 Ariz. 402, 403, 565 P.2d 908, 909 (App.1977).

A party may not sit idly by on presentation of a motion for summary judgment and fail to urge her defense when the motion shows that the moving party is entitled to a judgment as a matter of law. *State v. Tucson Title Insurance Co.*, 101 Ariz. 415, 420 P.2d 286 (1966); *see also, Eastwood Electric Co. v. R. L. Branamen Contractor, Inc.*, 102 Ariz. 406, 432 P.2d 139 (1967).

We need, therefore, only consider whether O'Malley's motion for summary judgment sufficiently established that it was entitled to a judgment as a matter of law.

O'Malley brought this action pursuant to A.R.S. § 12–1635 B, which permits a judgment creditor to directly sue debtors of its judgment debtor, in effect placing the judgment creditor in the shoes of the judgment debtor for purposes of the suit. Because O'Malley stands in the shoes of Elite as to any cause of action on a debt that could be asserted by Elite, the issue for consideration is reduced to whether Johnaquille Hegel has been unjustly enriched at the expense of Elite.

 In its motion for summary judgment, O'Malley states that a person who has another perform services for him must pay for them. Even if there is no agreement to pay for the services, the recipient must pay for the reasonable value thereof. As early as 1920, the Arizona Supreme Court recognized this principle in *Dey v. Quinn*, 21 Ariz. 265, 266, 187 P. 578, 579 (1920), stating:

---

1. There is no reason why a defendant, who has not asserted that he is a bona fide purchaser for value, should be exempt from affirmatively pleading payment as a defense in a § 12–1635 B suit. It is the defendant (i. e., the judgment debtor's debtor) and not the plaintiff (i. e., the judgment creditor) who would have evidence of payment in the form of cancelled checks or bookkeeping entries. The plaintiff is merely standing in the shoes of his debtor and was not the recipient of the original payment.

"[W]hen one is employed in the services of another for any period of time the law implies a promise to pay what such services are reasonably worth, unless it is understood that the services were rendered gratuitously, or unless they were rendered under circumstances which repel the presumption."

The burden rests upon the defendant to show affirmatively that the services were performed gratuitously. *Dey v. Quinn, supra.* Johnaquille Hegel has never alleged or attempted to establish that Elite's work on the cabin was performed gratuitously. We, therefore, conclude as a matter of law that someone has been unjustly enriched at the expense of Elite and, therefore, at the expense of O'Malley.

 We must, therefore, return to an analysis of the facts to determine who has been unjustly enriched. In her answers to interrogatories, Johnaquille Hegel states that the lot on which the Pinewood cabin was built was purchased by Foster G. Mori, as trustee for Alex Hegel, beneficiary for Sierra. The affidavit of Ed Walker relates that Alex Hegel had Elite build the Pinewood cabin. Additionally, Johnaquille Hegel, in her affidavit, recites that she received the cabin, via Sierra, as part of the property settlement in her divorce from Alex Hegel.[2]

Because the cabin was built during the parties' marriage, and Johnaquille Hegel's interest in the cabin was recognized and incorporated by the parties in their property settlement, it must be presumed that she was unjustly enriched when Elite supplied the labor to build the cabin and was never reimbursed for its services.

Accordingly, we find that O'Malley has established, as a matter of law, that Johnaquille Hegel was unjustly enriched at O'Malley's expense. Because there are also no material facts left at issue in Count II, the granting of summary judgment against Johnaquille Hegel in the amount of $15,000 is affirmed.

The summary judgment against Sierra is reversed and remanded for trial. The summary judgment against Johnaquille Hegel is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

**2.** Specifically, Johnaquille Hegel's affidavit read as follows: "A number of properties had been conveyed by my husband or corporations he controlled during the pendency of the divorce action and proceedings were initiated to recover those properties on the basis that they had been fraudulently conveyed. An overall settlement was arrived at and I acquired Lot 200, Pinewood Subdivision Unit One, located in Coconino County, Arizona, among other properties. Lot 200 had ostensibly been sold by Sierra National Corporation, to Irving Shuman for $49,000, payable $10,000 cash and the deferred balance of $39,000 over a period of time. I paid $10,000 and Sierra National Corporation released the purchaser in exchange for a transfer of the property."

Despite the above statement in her affidavit, Johnaquille Hegel never alleged that she was a bona fide purchaser and that she, therefore, had a defense to the present cause of action. It is not the duty of the trial court, on summary judgment, to research and develop all defenses that might be available to the defendant. *See State v. Tucson Title Insurance Co., supra.*