625 P.2d 324

**ALL AMERICAN SCHOOL SUPPLY CO., Hilliard H. Crum, Jr. and Audrey E. Crum; Nathan D. Weems and Lucille Weems; Rod L. Francis and Frances B. Francis; Daniel W. Brodsky and Jane Doe Brodsky, Appellees,**

v.

**J. Dean SLAVENS, d/b/a Dean Slavens Construction Co., Appellant.**

No. 14694.

Supreme Court of Arizona, In Division.

Feb. 25, 1981.

Evans, Kitchel & Jenckes, P. C., by Jerry C. Bonnett, Phoenix, for appellees All American School Supply Co., Hilliard H. Crum, Jr., and Audrey E. Crum; Nathan D. Weems and Lucille Weems.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, for appellees Francis.

Lewis & Roca by John P. Frank, Phoenix, for appellees Brodsky.

Henry, Wallach, Kimerer & LaVelle by Michael J. LaVelle, Phoenix, for appellant.

HOLOHAN, Vice Chief Justice.

This appeal is another phase of the extended litigation between the appellant Slavens and All American School Supply Company. *See All American School Supply Co. v. Slavens*, 125 Ariz. 231, 609 P.2d 46 (1980). We assumed jurisdiction of the appeal pursuant to Rule 19(e), Rules of Civil Appellate Procedure.

The appellant Slavens by this appeal challenges the entry of summary judgment dismissing his counterclaim against the appellees for an alleged violation of the Arizona Antitrust Law, A.R.S. § 44-1401 *et seq.*

Since the case was decided in the superior court by summary judgment, we review the record in the light most favorable to the party opposing the granting of the summary judgment. *Hegel v. O'Malley Insurance Co.*, 122 Ariz. 52, 593 P.2d 275 (1979). Reviewing the record in such light, it appears that the essence of appellant's claim is that the appellees agreed among themselves to have the specifications for certain equipment drawn into the bid documents for the school athletic construction project so that the only supplier would be All American, and the successful bidder on the construction contract would be forced to purchase the required products only from All American. The record contains information which deals with the reasons for the choice of the particular products sold by All American and the good service by the company to the school district in the past. For the purposes of resolving this appeal, we treat such evidence as irrelevant.

A.R.S. § 44-1402, the provision applicable to this case, provides:

"A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state, is unlawful."

As indicated in the construction of the former act, the interpretation of the federal statutes on the same subject are persuasive. *See Dattilo v. Tucson Gen. Hospital*, 23 Ariz.App. 392, 533 P.2d 700 (1975).

The trial judge seems to have relied on two federal cases as authority for his ruling that the acts of the appellees did not violate the state antitrust laws. The cases are: *Security Fire Door Co. v. County of Los Angeles*, 484 F.2d 1028 (9th Cir. 1973); *George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.*, 508 F.2d 547 (1st Cir. 1974), cert. denied, 421 U.S. 1004, 95 S.Ct. 2407, 44 L.Ed.2d 673 (1975). In each of the cited cases the defendant engaged in a successful effort to have specifications written into bidding documents which would result in the defendant being the only qualified supplier. The federal courts in each of the cited cases found that such conduct did not constitute a violation of the antitrust laws.

The above cited cases are, we believe, dispositive of the issues presented in this appeal. As the Ninth Circuit observed in *Security Fire Door, supra*:

"Once a purchaser's choice of product has been exercised competition is, of course, at an end. However, a purchaser is free to choose the product he desires without rendering himself an antitrust conspirator. The proscription against restraint of trade in this context seeks only to assure that the choice of product has been made freely under circumstances where the play of competition has been available rather than in response to anticompetitive factors such as coercion on the part of the supplier or agreements between suppliers not to compete with each other." *Security Fire Door, supra*, 484 F.2d at 1030.

Appellant seeks to distinguish the two cited federal cases by stating that the cases dealt with direct negotiation between the purchaser (government) and the seller (the defendant). The appellant maintains that this case is different in that he, as the seller of his services to the buyer government, has been forced to buy from a restricted source, a third party supplier.

We fail to see any substance in the distinction made by appellant. The important point is that the purchaser (government) in any event is the one who made the choice not only to undertake the project but also to choose to have the project constructed using a specified product. This use of "closed specifications" or "proprietary speci-fications" may possibly be questioned by the appropriate public agency under the competitive bidding statutes, but such practice does not constitute a violation of the state antitrust laws.

The judgment of the superior court is affirmed.

HAYS and CAMERON, JJ., concur.