644 P.2d 276

### B & R MATERIALS, INC., Plaintiff/Appellee,

v.

### UNITED STATES FIDELITY AND GUARANTY COMPANY, as surety for Eagle Asphalt Paving, Inc., under their bond No. 60–0120–3851077, Defendant/Appellant.

No. 2 CA–CIV 4122.

Court of Appeals of Arizona, Division 2.

Feb. 18, 1982.

Rehearing Denied April 8, 1982.
Review Denied April 27, 1982.

Richard D. Burris, Tucson, for plaintiff/appellee.

Jennings, Kepner & Haug by Curtis A. Jennings and David W. Scanlon, Phoenix, for defendant/appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a judgment in favor of appellee for the sum of $14,523.42 plus costs and interest.

The evidence, considered in the light most favorable to appellee, is as follows. Appellee B&R Materials, Inc. (B&R) supplied materials to Eagle Asphalt Paving, Inc. (Eagle) which was doing a job called the "Del Norte job". B&R had also supplied material to Eagle for other jobs and from time to time B&R received checks from Eagle. Those checks which contained a designation on them as being for the Del Norte job were credited by B&R to that account.

Those checks containing no designation were applied by B&R to Eagle's running account. Appellant United States Fidelity and Guaranty Company (USF&G) was the surety on a bond guaranteeing payment to materialmen on the Del Norte job.

When Eagle stopped making any payments to B&R, B&R filed this lawsuit against Eagle, the officers of Eagle (the Vails) and USF&G and was awarded a judgment against Eagle for the sum of $44,900.89 of which $14,523.42 was for unpaid material supplied to the Del Norte job. The claim against USF&G and the Vails was tried to the court, sitting without a jury, which entered judgment in favor of B&R after a four-day trial.

The issue at trial was whether or not Eagle had paid the full amount for the material supplied by B&R on the Del Norte job. Val Vail, the president of the defunct Eagle, testified that the full amount had been paid. No documentary proof was supplied until the last day of trial when the Vails offered in evidence "white copies" of two checks, one for $20,000 and one for $25,000. The voucher which formed the second half of the document contained a designation thereon showing that the checks were for the Del Norte job. Appellee objected to the introduction of these documents on the ground that they had never been produced during the discovery phase of the case and that the pretrial stipulations signed by the parties stated that the defendants had supplied all documentary evidence to appellee. The trial court allowed them to be introduced into evidence over this objection but stated that if he found appellee's objection to be well taken, he would strike them. The trial court subsequently did so because of the failure to make "proper disclosures".

Appellant contends (1) that the trial court erred in striking the exhibits and (2) that in any event, the evidence clearly showed that B&R had been paid. We do not agree.

Rule 37(b)(2)(B), Arizona Rules of Civil Procedure, 16 A.R.S., provides that a court may sanction a party who refuses to

make discovery by entering an order prohibiting the party from introducing designated matters in evidence. Not to impose such sanctions is a matter within the discretion of the trial court. *DeElena v. Southern Pacific Company*, 121 Ariz. 563, 592 P.2d 759 (1979). The record shows that more than once the Vails had been requested to produce for inspection corporate documents showing payment and specifically had been asked to produce the check registers for Eagle. The excluded exhibits were part of the check registers. As a foundation for the introduction of the exhibits, Mr. Vail testified that he did not realize the importance of finding those two exhibits until the trial started. When the trial recessed for the weekend, he telephoned his sister in the state of Washington and asked her to look through some of the "stuff" that had come from his accountants. The sister discovered the two exhibits and sent them by airplane.

Appellant points out that requests for discovery which covered these exhibits were made to the Vails and Eagle but not to appellant. It argues that since it did not refuse discovery, the court could not sanction it. However, Rule VI(a), Uniform Rules of Practice of the Superior Court reads in pertinent part as follows:

> "Pretrial Statements. Counsel who will try the civil cases for the parties and who are authorized to make binding stipulations shall meet personally, and prepare a written pretrial statement, *signed by each counsel*, to be filed with the court.... Such pretrial statement shall contain the following:
>
> (1) That all exhibits ... intended to be used at trial have been exchanged ...
>
> \* \* \* \* \* \*
>
> (6) The exhibits which the parties agree are admissible at trial, or if not in agreement, a list of the objections and the grounds that a party will make if the exhibits are offered at trial; ...
>
> \* \* \* \* \* \*
>
> No other exhibits or witnesses shall be used during the trial other than those listed and exchanged, except for *good cause shown*." (Emphasis added)

And Rule III(h), Local Rules of Practice for Pima County reads in pertinent part as follows:

> "If the pretrial statement is not timely filed or counsel have not otherwise complied with said Rule VI [Uniform Rules of Practice], one or more of the penalties provided by subparagraph (c) of said Rule VI may be imposed. Additional penalties such as the exclusion of witnesses and/or exhibits, ... *may* also be imposed." (Emphasis added)

A pretrial statement was signed by appellant's counsel and exhibits "W" and "X" were not among those provided to B&R by the Vails or appellant. The trial court could well have believed that appellant was negligent in not seeing that its principal provided it with the necessary documentary evidence, especially in view of the fact that appellant's defense was payment, and there was no "good cause" shown for not producing the documents.

We also cannot agree that the court erred in weighing the evidence. Payment is an affirmative defense which must be pled and the burden is upon the defendant to prove payment with some affirmative evidence. *Hegel v. O'Malley Insurance Company, Inc.*, 122 Ariz. 52, 593 P.2d 275 (1979). When the evidence was in conflict at trial and determinations of fact turned on credibility, we shall not substitute our judgment for that of the trier of fact. See *Leone v. Precision Plumbing and Heating of Southern Arizona, Inc.*, 121 Ariz. 514, 591 P.2d 1002 (1979).

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.