NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CARTER'S INCORPORATED, a design/build landscape firm, an Arizona corporation, *Cross-Claimant/Appellant*,

*v.*

JADE II ENTERPRISES, LLC, an Arizona limited liability company, *Cross-Defendant/Appellee*.

No. 1 CA-CV 13-0734
FILED 2-3-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2009-001624 and CV2009-090455
(Consolidated)
The Honorable David King Udall, Judge

**AFFIRMED**

---

COUNSEL

Baumann Doyle Paytas & Bernstein, PLLC, Phoenix
By Gary T. Doyle
*Counsel for Cross-Claimant/Appellant*

Pak & Moring, PLC, Scottsdale
By Thomas S. Moring, James L. Pak
*Counsel for Cross-Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

**¶1** Carter's Incorporated appeals from the superior court's decisions granting summary judgment in favor of Jade II Enterprises, denying summary judgment for Carter's, and denying Carter's motion for new trial on its unjust enrichment claim against Jade II. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Jade II, as the developer of a large commercial construction project in Peoria, hired PFG Construction as general contractor to complete the project. PFG in turn entered into contracts with multiple subcontractors, including a contract with Carter's to install landscaping and irrigation for $40,920. Carter's completed the full scope of work, but was never paid.

**¶3** Carter's filed suit seeking to foreclose on a mechanic's lien on the project property, as well as asserting a breach of contract claim against PFG and an unjust enrichment claim against Jade II.[1] Carter's lien claim was rejected and PFG entered bankruptcy, leaving Carter's unjust enrichment claim against Jade II as the only remaining claim.

**¶4** Carter's moved for summary judgment, asserting that it was entitled to judgment in the amount of the full contract price because Jade II had received the benefit of landscaping improvements at Carter's expense. Jade II opposed the motion and filed a cross-motion for summary judgment, asserting that it had not been unjustly enriched because it had paid PFG in full (even though PFG had not paid Carter's). In support of its position, Jade II attached PFG's payment applications (which included all work performed by Carter's) and conditional lien releases, along with an

---

[1] Several other subcontractors brought similar claims in the original suit. All claims raised by other parties have since been dismissed or otherwise resolved.

affidavit by Jade II member Yakov Ross stating that "Jade II paid PFG in full for PFG's entire scope of work, including all work performed by Carter's." Carter's, in turn, opposed Jade II's cross-motion, arguing that the court should disregard the Ross affidavit as a discovery sanction and that, in any event, the affidavit was insufficient to prove payment.

**¶5**     After considering briefing and argument, the superior court granted Jade II's motion and denied Carter's motion, finding that Jade II had presented uncontroverted evidence that it had paid PFG in full for Carter's work. The court denied Carter's motions for reconsideration and for new trial, denied Jade II's application for attorney's fees, and entered judgment in favor of Jade II.

**¶6**     Carter's timely appealed from the judgment and the denial of its motion for new trial. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21 and 12-2101(A)(1), (5)(a).[2]

## DISCUSSION

**¶7**     Carter's argues that the superior court should have disregarded the Ross affidavit because Jade II failed to provide a pretrial disclosure statement and failed to identify Ross as a witness or disclose his anticipated testimony.

**¶8**     Under Arizona Rule of Civil Procedure 26.1(a)(3), each party is required to disclose its witnesses "with a fair description of the substance of [the] expected testimony." Rule 37(c) provides that information that is not timely disclosed shall not be used as evidence unless the disclosure violation was harmless or the party shows good cause for the untimely disclosure. Here, although the superior court did not expressly rule on Carter's objection to the Ross affidavit, the court implicitly declined to preclude the affidavit by relying on it in its ruling on the summary judgment motions. We review the superior court's decisions on disclosure and discovery matters for an abuse of discretion. *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14, 296 P.3d 100, 104 (App. 2013).

**¶9**     Almost three years before the superior court made its summary judgment ruling, the parties prepared a joint pretrial statement in which Jade II unequivocally asserted its position that it had paid PFG in full and listed Ross as one of three anticipated witnesses. The pretrial

---

[2]     Absent material revisions after the relevant date, we cite a statute's current version.

statement did not include a separately-delineated statement of Ross's anticipated testimony as contemplated under Rule 26.1(a)(3). Nevertheless, the statement provided Carter's with notice as to the substance of Jade II's position (payment in full) and the three witnesses (including Ross) supporting that position. In opposing the affidavit, Carter's adopted an all-or-nothing approach, seeking only to preclude use of the affidavit entirely, rather than seeking a continuance under Rule 56(f) to develop controverting evidence.

¶10    The underlying purpose of the disclosure rules is notice; there is no obligation to "script" the anticipated testimony of witnesses. *Bryan v. Riddel*, 178 Ariz. 472, 476 n.5, 875 P.2d 131, 135 n.5 (1994). Because the key information in the Ross affidavit—and the identities of those witnesses expected to provide that information—was provided to Carter's years before the summary judgment proceedings, we conclude the superior court did not err by declining to preclude the affidavit.

¶11    Carter's next contends the superior court erred by granting summary judgment in favor of Jade II on the unjust enrichment claim because the evidence Jade II presented was insufficient to establish entitlement to judgment as a matter of law. We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the party against whom judgment was entered. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14, 292 P.3d 195, 199 (App. 2012).

¶12    Summary judgment is appropriate if there are no genuine issues of material fact and, on the basis of those undisputed facts, the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). To qualify for summary judgment, the party with the burden of proof on a claim or defense "must submit 'undisputed admissible evidence that would compel any reasonable juror to find in its favor on every element of its claim.'" *Allen*, 231 Ariz. at 213, ¶ 18, 292 P.3d at 199 (quoting *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 293, ¶ 20, 229 P.3d 1031, 1035 (App. 2010)). In contrast, the opponent may simply "point out by specific reference to the relevant discovery that no evidence exist[s] to support an essential element of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 310, 802 P.2d 1000, 1009 (1990).

¶13    A claim of unjust enrichment requires proof of "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318, ¶ 10,

283 P.3d 45, 49 (App. 2012). The underlying consideration is whether one party received a benefit at the other's expense under "circumstances [] such that in good conscience [the first party] should make compensation." *Murdock-Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 53, 703 P.2d 1197, 1202 (1985) (quoting *Pyeatte v. Pyeatte*, 135 Ariz. 346, 352, 661 P.2d 196, 202 (App. 1983)).

¶14　　　　When an unjust enrichment claim arises from an owner–general contractor–subcontractor relationship based on the general contractor's failure to pay the subcontractor, whether the owner has paid the general contractor in full is dispositive. *See Wang Elec.*, 230 Ariz. at 318, ¶ 12, 283 P.3d at 49. If the owner has fully paid the general contractor, the subcontractor cannot recover from the owner for unjust enrichment "because the owner is not unjustly enriched if it fully paid its obligation"; in contrast, if the owner has not paid in full under its contract with the general contractor, an unjust enrichment remedy may be available "because permitting the owner to retain the benefit without fully paying for it would be unjust." *Id.* at 318–19, ¶ 12, 283 P.3d at 49–50 (collecting cases).

¶15　　　　Here, the parties agreed (and the undisputed facts showed) that Carter's landscaping work provided a benefit for Jade II at Carter's expense because Carter's did not receive payment for its work. Thus, the dispositive issue is whether Jade II paid PFG.

¶16　　　　As evidence of payment, Jade II presented PFG's payment applications showing that Jade II was billed for all work performed by Carter's. Although the payment applications themselves show only that Jade II was billed for the work (not that Jade II actually paid those bills), the Ross affidavit states directly that "Jade II paid PFG in full for PFG's entire scope of work, including all work performed by Carter's." Although additional documentation in the form of cancelled checks, bank statements, or payment receipts would have been better evidence of payment, Ross's uncontested sworn statement based on personal knowledge nevertheless was competent evidence of payment. *See* Ariz. R. Civ. P. 56(e)(1).

¶17　　　　Relying on *B&R Materials, Inc. v. U.S. Fidelity & Guaranty Co.*, 132 Ariz. 122, 644 P.2d 276 (App. 1982), Carter's contends that the Ross affidavit alone was not sufficient evidence to establish that Jade II paid for the work performed by Carter's. In *B&R Materials*, the defendant in a breach of contract case offered testimony from a corporate officer that it had paid the plaintiff in full, but provided no admissible documentary proof of payment; the superior court, acting as factfinder in a bench trial, weighed conflicting evidence, assessed witness credibility, and decided against the

defendant. *Id.* at 123–24, 644 P.2d at 277–78. Here, in contrast, there was no conflicting evidence to weigh. Instead, the Ross affidavit was the only evidence, and it remained uncontroverted. As such, Carter's reliance on *B&R Materials* is inapposite.

**¶18** Carter's also cites *Wells Fargo Bank, N.A. v. Allen* to suggest that the Ross affidavit, without underlying documentation, was insufficient to establish payment. In *Allen*, a bank filed suit to collect an unpaid credit card debt. 231 Ariz. at 211, ¶ 2, 292 P.3d at 197. This court held that the bank had failed to carry its burden of persuasion on summary judgment when the only evidence it submitted was a paralegal's affidavit as custodian of records stating that he had reviewed records that established the amount of indebtedness, but did not attach or describe the records themselves. *Id.* at 213–14, ¶¶ 18, 21, 292 P.3d at 199–200. We noted that "[t]he purpose of a custodian's affidavit is to authenticate evidence—such an affidavit is of little value when it does not attach the evidence at issue." *Id.* at 214, ¶ 19, 292 P.3d at 200. Here, the Ross affidavit was not a custodian's authentication, but rather a statement of personal knowledge and was thus competent evidence under Arizona Rule of Civil Procedure 56(e).

**¶19** Finally, Carter's asserts that statements by Jade II's counsel—that a bank, rather than Jade II itself, paid PFG out of Jade II's line of credit—undermine the Ross affidavit. But payment by the bank out of Jade II's line of credit on Jade II's behalf is not inconsistent with Ross's general statement that Jade II paid PFG.

**¶20** The superior court appropriately found no genuine dispute that Jade II had paid PFG in full for the work completed by Carter's. In these circumstances, it was not unfair for Jade II to retain a benefit for which it paid, *see Wang Elec.*, 230 Ariz. at 318–19, ¶ 12, 283 P.3d at 49–50, and the superior court did not err by entering summary judgment in favor of Jade II or, conversely, by denying summary judgment for Carter's.

**¶21** Jade II seeks an award of attorney's fees and costs on appeal under A.R.S. § 12-341.01. Jade II did not cite any basis for its fees request in superior court, and in our discretion we decline to award attorney's fees. As the prevailing party on appeal, however, Jade II is entitled to its costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶22      The judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama