NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHANE T. BETTS,
*Defendant/Appellant*,

v.

SAMUEL E. CARR, D.C., P.C., et al.
*Defendants/Appellees*.

No. 1 CA-CV 21-0008
FILED 11-30-2021

Appeal from the Superior Court in Maricopa County
No.  CV2019-000419
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Shane T. Betts, Phoenix
*Defendant/Appellant*

Jeffrey L. Bradford, PLLC, Phoenix
By Jeffrey L. Bradford
*Counsel for Defendant/Appellee Samuel E. Carr, D.C., P.C.*

Law Office of Lawrence K. Lynde, Phoenix
By Lawrence K. Lynde
*Counsel for Defendant/Appellee Joseph A. Silence*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1          Shane Betts appeals the superior court's judgment in favor of Dr. Samuel Carr and Joseph Silence on their claims of breach of contract and unjust enrichment. We affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2          This appeal arises from two contracts for professional services—legal services and chiropractic services—entered by Betts after he was injured in a car accident in December 2015. Betts retained Silence to pursue his personal injury claim against the other driver. Betts and Silence entered a contingent fee agreement, which promised that Silence would receive either 30% or 33% "of any settlement offers or gross recovery," depending on whether a lawsuit was filed. For seven months, Silence performed legal services for Betts, culminating in a settlement demand letter to the other driver's insurance carrier for $42,500. The insurer counteroffered $30,000. Just three days later, Betts fired Silence and he represented himself moving forward. Silence later asserted a charging lien for $9,000 in attorney fees, representing 30% of the insurer's counteroffer.

¶3          Betts also entered a contract with Dr. Carr to receive chiropractic treatment, which acknowledged that Betts was personally responsible for payment and Dr. Carr would defer payment until settlement of the negligence claim. After making 54 visits to Dr. Carr over four months, and accruing $8,574 in medical bills, Betts asked Dr. Carr to bill his insurance carrier. Dr. Carr declined, explaining that any insurance claims needed to be submitted within 90 days of treatment. Betts refused to pay. Dr. Carr asserted a medical lien.

---

[1]          We view the facts in the light most favorable to affirming the superior court's judgment after a bench trial. *Vanessa H. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 252, 256, ¶ 20 (App. 2007).

¶4        Around two years after he fired Silence, Betts settled his negligence claim with the insurance company for $34,244.10. The settlement agreement addressed the charging and medical liens. Betts promised to satisfy all liens "by payment from the settlement funds," and he agreed the liens "are [his] sole responsibility." The agreement also required the settlement proceeds to remain in trust until the liens were resolved.

¶5        Betts later demanded all settlement proceeds from the insurer. The insurer paid $16,670.10 to Betts, representing the undisputed portion of the settlement, but filed an interpleader action in the superior court to allocate the remainder. The insurer deposited the funds with the court and was dismissed from the action. Silence and Dr. Carr asserted crossclaims against Betts for breach of contract. Silence also requested the reasonable value of his services under quantum meruit. Betts moved to dismiss the crossclaims, which the superior court denied.

¶6        The lawsuit went to mandatory arbitration. An arbitrator ruled against Betts, who appealed to the superior court, and the case went to trial. The bench trial lasted two days and the court received over 50 exhibits. Five witnesses testified, including Betts, Silence and Dr. Carr. Betts was given one-half of the trial time, while Silence and Dr. Carr shared the remainder. The court also extended the trial to a second day to allow for closing arguments. After the trial, the court entered judgment for Silence and Dr. Carr. Betts moved for a new trial and for relief from judgment, which the court denied. The court awarded Silence and Carr attorney fees and entered final judgment. We have jurisdiction over Betts's timely appeal. *See* A.R.S. § 12-2101(A)(1), (A)(2), and (A)(5)(a).

## DISCUSSION

¶7        We uphold findings of fact unless "clearly erroneous or unsupported by any credible evidence," *Federoff v. Pioneer Title & Tr. Co. of Ariz.*, 166 Ariz. 383, 388 (1990), but review de novo all questions of law, *Enter. Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 148, ¶ 11 (App. 1999). We review the denial of a motion for new trial or motion for relief from judgment for abuse of discretion. *Spring v. Bradford*, 243 Ariz. 167, 170, ¶ 11 (2017); *Norwest Bank (Minnesota), N.A. v. Symington*, 197 Ariz. 181, 184, ¶ 11 (App. 2000).

## I.    Professional Liens

¶8        Betts first contends the professional liens were invalid and offered no basis for the judgment. But the court's judgment was not based

on the liens. Rather, the court awarded damages to Carr for breach of contract, and awarded Silence the reasonable value of his legal services. We affirm because the record has ample supporting evidence that (1) Betts entered and breached a contract with Carr, and (2) Betts was unjustly enriched by failing to pay Silence for the reasonable value of his legal services.

## II. Health Insurance

¶9 Betts next argues the judgment was error because Betts had health insurance through UnitedHealthcare, Dr. Carr had a contract with UnitedHealthcare, and that contract prohibited Dr. Carr from billing Betts directly. This argument is meritless. Betts promised to pay Carr for treatment under the contract "REGARDLESS OF MY INSURANCE STATUS." Betts did not even provide his health insurance information to Carr when entering the contract, and Betts only raised the health insurance issue after Carr completed the chiropractic services. Nor did Carr ever bill or receive payment from UnitedHealthcare for these services.[2]

## III. Quantum Meruit Award

¶10 Betts next contends the judgment was error because Silence's contingency fee agreement was unethical and invalid. He argues Silence was only entitled to damages under quantum meruit. But the superior court awarded Silence the reasonable value of his legal services under quantum meruit, not for breach of contract. A quantum meruit award is permissible under Arizona law unless the parties agreed that services would be provided for free, or it would not be unfair to receive the benefit of services without payment. *Dey v. Quinin*, 21 Ariz. 265, 266 (1920) ("It is well settled that when one is employed in the services of another for any period of time the law implies a promise to pay what such services are reasonably worth, unless it is understood that the services were to be rendered gratuitously, or unless they were rendered under circumstances which repel the presumption."); *see also Blue Ridge Sewer Imp. Dist. v. Lowry & Assocs., Inc.*, 149 Ariz. 373, 376 (App. 1986). Betts does not make these arguments, and we find no evidence in the record that Silence agreed to perform his services for free or that it would be unfair for Betts to pay Silence.

---

2       Betts also argues that Dr. Carr's contract claim was preempted under the Employee Retirement Income Services Act ("ERISA"), but he never develops the argument or provides supporting authority.

## IV.     Interpleader and Assignment

**¶11**         Betts argues the judgment was error because Arizona prohibits an assignment of personal injury claims, and this court should "extrapolate[] that to fictional charging lien claims."  We are unpersuaded. Betts never assigned his personal injury claim.[3]  The insurance company settled his claim, paid him the uncontested amount and filed an interpleader action for Betts, Silence and Carr to litigate their rights to the remaining settlement proceeds.  *See* Ariz. R. Civ. P. 22.  Silence and Carr answered and filed crossclaims against Betts for breach of contract.  These claims were appropriate.  Ariz. R. Civ. P. 13(f).

## V.     Fundamental Error

**¶12**         Betts contends the superior court committed fundamental errors so "numerous I cannot list [them] all."   His argument fails. Fundamental error is "error going to the foundation of the case . . . of such magnitude that the defendant could not possibly have received a fair trial." *State v. Hunter*, 142 Ariz. 88, 90 (1984); *see also Maxwell v. Aetna Life Ins. Co.*, 143 Ariz. 205, 212 (App. 1984). Betts received a full and fair trial.  He was given one-half of the trial time; Silence and Carr shared the rest.  The court often reminded Betts of his time limitations, encouraged him to focus his questions, gave him more time and extended the trial to a second day for closing arguments.

## VI.     Attorney Fees

**¶13**         Last, Betts challenges the superior court's award of attorney fees to Silence and Carr.  The superior court awarded fees under A.R.S. § 12-341.01 because Silence's and Carr's claims arose out of contracts for

---

[3]       An assignment is a "transfer of rights or property" from one party to another.  *Assignment*, Black's Law Dictionary (11th ed. 2019).   An assignment occurs in personal injury cases when an injured party gives away his right to sue and recover to a third party. *See Karp v. Speizer*, 132 Ariz. 599, 600-01 (App. 1982) (assignment of personal injury claim and proceeds from recovery both unenforceable).   These assignments are prohibited because of "the dangers of maintenance and champerty," where "unscrupulous people would purchase causes of action and thereby traffic in lawsuits for pain and suffering."  *Id.* (citation omitted).   A lien, by contrast, is a "legal right or interest that a creditor has in another's property, lasting [] until a debt or duty that it secures is satisfied."  *Lien*, Black's Law Dictionary (11th ed. 2019).

services and Betts refused to provide payment. We review the superior court's decision to award attorney fees under A.R.S. § 12–341.01 for abuse of discretion. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570–71 (1985). Betts entered two contracts for professional services, refused payment and litigated the claims from arbitration to the superior court to the court of appeals. Because the court did not abuse its discretion, we affirm the attorney fee award.

## CONCLUSION

**¶14**       We affirm the judgment in favor of Dr. Carr and Silence. We award Dr. Carr and Silence their attorney fees and costs incurred on appeal under A.R.S. § 12-341.01, contingent on compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA